Margaret E. ALLRED et al., Appellants,

v.

H. L. HEATON et al., Appellees.

No. 3760.

Court of Civil Appeals of Texas.

Waco.

May 19, 1960.

On Motions for Rehearing June 9, 1960.

John M. Barron, Bryan, for appellants.

Will Wilson, Atty. Gen., John Reeves, Asst. Atty. Gen., J. A. Amis, Jr., College Station, for appellees.

TIREY, Justice.

This is an appeal from the judgment of the district court of Brazos County denying appellants an injunction against appellees for refusing admission to appellants to enroll in the Agricultural and Mechanical College of Texas. The cause was tried without the aid of a jury, and partly on stipulations filed to be made a part of the statement of facts. In the decree we find this recital:

"Whereupon the plaintiffs moved in open court for leave to proceed with a class action, as well as for the plaintiffs individually, under Rule 42, T.R. C.P.; and the Court, after considering the motion and hearing evidence in support thereof, including the stipulations filed herein, in all things permitted the class action as a true and a spurious class action for the benefit of all Texas women similarly situated, as permitted by law; and defendants' special exception having been overruled by the Court, to which exception was duly made, all parties then announced ready for trial, subject to the special exception filed herein."

We quote the findings of fact and conclusions of law recited in the judgment:

"(a) That the Agricultural and Mechanical College of Texas is a land grant college established by State and Federal Law, fully owned and operated by the State of Texas.

"(b) That the plaintiffs are *bona fide* female resident citizens of the City of Bryan, of the State of Texas, and of the United States of America.

"(c) That the plaintiffs each bring this action individually and as a class action under Rule 42 in good faith and that the degree programs and courses asked for here, at all times material to this case, are the genuine, lawful desire and to the best interest of each plaintiff under the circumstances.

"(d) That Mary Ann Parker desires to study at the College for a degree in Architecture; that Sarah C. Hutto desires to study at the College for a degree in Science with a major in Biology; and that Margaret E. Allred desires to study at the College for a degree in the program and courses in Floriculture at the School of Agriculture, as prescribed, all as undergraduates; that all requests and demands are real, genuine, and made in good faith for sufficient reasons.

"(e) That the College refuses to admit any women as students during regular sessions regardless of their qualifications or educational abilities, and that specific or detailed proof of educational qualifications by the usual application is futile and unnecessary for women in view of the involved Resolution of September 3, 1925, and the type of relief prayed for herein.

"(f) That plaintiffs have done all things reasonable or possible for admission while the exclusionary Resolution is being enforced and is effective; that they were advised by the Registrar that women would in no event be admitted to the College as students; and that a real, genuine, and justiciable controversy exists between the plaintiffs and defendants, who are authorized and qualified presently to bring

this suit, which is proper in form and substance.

"(g) That the College is suited and adapted for the education of women as well as of men, and the exclusionary Resolution is without reasonable relation to the educational objectives of the College.

"(h) That the military program at the College forms no reasonable basis for the exclusions of women from other courses of study in the School, since, *inter alia,* R.O.T.C. is necessarily offered only to certain young men, and about 3500 students of the College are now not required to study or be connected with military or air training.

"(i) That plaintiffs will be unreasonably deprived and damaged if they are required to remove to another place to obtain the college courses they desire and request at this school.

"(j) That the A. and M. College of Texas is the only institution in Texas offering degree programs in Floriculture, and that Margaret E. Allred is totally deprived of effective study and a degree or major in such field unless she leaves Texas to study.

"(k) That many courses and degree programs are offered at the College which are offered nowhere else in Texas, as listed in the stipulations and Statement of Facts herein, suitable and valuable to women as a class.

"(*l*) That plaintiffs and women as a class are barred *in limine* by the Resolution from fair and reasonable consideration for admission to the school solely because of their sex, causing any further attempt to enroll under present circumstances to be a vain and useless act.

"(m) That the nature, scope, and extent of the College are fully shown by its Graduate and Undergraduate Bulletins or catalogues introduced in evidence and the stipulations in evidence.

"(n) That women have been excluded from the school, with rare exceptions, except for summer instruction, since its beginning in 1876, but that the reasons for their exclusion no longer exist.

"(*o*) That women, especially the individual plaintiffs, are not accorded substantial equality in higher education by reason of the exclusionary Resolution, considering the extent, scope, cost, and nature of the A. and M. College of Texas and its offering of various courses obtainable nowhere else in Texas.

"(p) That except for the exclusionary Resolution the plaintiffs and women as a class would be able to present and determine their eligibility for admission as students fairly and with meaning.

"No implied fact findings are made against plaintiffs."

The decree is assailed on six points; they are substantially to the effect that the trial court erred in upholding as valid the exclusionary Resolution of the Board of Directors of the Agricultural and Mechanical College of Texas;

(1) attacked in this case, and thereby denying plaintiffs the relief sought, said exclusionary Resolution on its face being repugnant to the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(2) attacked in this case, and thereby denying plaintiffs the relief sought, said Resolution being repugnant to the equal protection clause of the Fourteenth Amendment of the United States Constitution as it is construed and applied to the female plaintiffs and Texas women as a class;

(3) attacked in this case, said Resolution being repugnant to the equal protec-

tion clause of the Fourteenth Amendment of the United States Constitution as it is applied to plaintiff Margaret E. Allred, seeking a degree-program in floriculture, which is offered at no other college or university in Texas;

(4) attacked in this case, said Resolution being repugnant to the equal protection clause of the Fourteenth Amendment of the United States Constitution as it is applied to women as a class desiring to study the named subjects offered at no other state college or university in Texas;

(5) in denying the relief sought by plaintiffs under the Declaratory Judgment Act, Vernon's Ann.Civ.St. art. 2524–1 et seq.;

(6) in denying the injunction restraining the defendants from enforcing the exclusionary Resolution, all necessary facts having been shown entitling plaintiffs to the relief sought as a matter of right.

A comprehensive statement is necessary. We quote paragraphs one through nine (also twelve) of the Stipulations:

"1. Plaintiff, Margaret Elizabeth Allred, is 18 years of age, a resident of Bryan, Brazos County, Texas, and is presently attending Texas Technological College at Lubbock, Lubbock County, Texas. Margaret Elizabeth Allred desires to enroll as a student at the Agricultural and Mechanical College of Texas subject to her qualifications for entry other than sex. She desires to study as an under-graduate for a degree in floriculture. She desires to attend the Agricultural and Mechanical College of Texas to obtain that course of study and because it is more convenient and less costly for her than attendance at any other institution of higher learning because it is nearer her home. If she resided near any other senior State supported college or university in Texas, she would probably desire to attend the school nearest her home. In June, 1959, Margaret Elizabeth Allred made

application for admission to a summer session of the Agricultural and Mechanical College of Texas and stated that the course of study she was pursuing or expected to pursue in the Agricultural and Mechanical College of Texas was law.

"2. Plaintiff, Sarah C. Hutto, is 22 years of age, divorced, with one minor child to support. She resides in Bryan, Brazos County, Texas, and is presently attending Allen Military Academy at Bryan, Brazos County, Texas. She desires to enroll as an under-graduate for a degree in biology as a major, subject to her qualifications for entry other than sex. She desires to attend the Agricultural and Mechanical College of Texas to obtain that course of study and because it is more convenient and less costly for her than attendance at any other school because it is nearer her home. If she resided near any other senior State supported college or university in Texas, she would probably desire to attend the school nearest her home.

"3. Plaintiff, Mary Ann Parker, is 39 years of age, married, has two children, one 17 years of age and one 11 years of age. She resides at her home in Bryan, Brazos County, Texas, with her husband, M. L. Parker, Jr., and their two children. She is not attending any college or university at the present time. She desires to study for a degree in architecture. She desires to attend the Agricultural and Mechanical College of Texas to obtain that course of study because it is more convenient and less costly for her than attendance at another institution of higher learning because it is nearer her home. If she lived near any other State supported college or university in Texas, she would probably desire to attend the school nearest her home. Her husband is in the general contracting business at Bryan, Brazos County,

Texas, and is part owner of Andrews-Parker, Inc., General Contractors. All three women plaintiffs are graduates of accredited Texas high schools.

"4. Defendant, M. T. Harrington, is Chancellor of the Agricultural and Mechanical College of Texas System. Defendant, Earl Rudder, is President of the Agricultural and Mechanical College of Texas. Defendant H. L. Heaton is Director of Admissions and Registrar of the Agricultural and Mechanical College of Texas. Defendants H. B. Zachry, A. E. Cudlipp, L. H. Ridout, Price Campbell, Herman F. Heep, Eugene B. Darby, Sterling C. Evans, John Newton, and S. B. Whittenburg are members and constitute the Board of Directors of the Agricultural and Mechanical College of Texas.

"5. The Agricultural and Mechanical College of Texas is the oldest State supported institution of higher learning.

"6. The Agricultural and Mechanical College of Texas began operation in October, 1876, and has been in continuous operation since that time.

"7. The Agricultural and Mechanical College of Texas is one of seven State supported military colleges in the United States. It is the only State supported military college in the State of Texas. The military program at the Agricultural and Mechanical College of Texas differs from the reserve officers program offered at various other State colleges and universities. The participants in the military program at the Agricultural and Mechanical College of Texas are organized on a corps basis; the men are organized into military units and they are constantly under military discipline, twenty-four hours a day, seven days a week.

"8. The Agricultural and Mechanical College of Texas, since its beginning, has operated and been universally recognized and accepted as a school for the training and education of young men. The Board of Directors of the Agricultural and Mechanical College of Texas has governed the Agricultural and Mechanical College of Texas with the view that it was vested with discretionary power to exclude female students, and the Legislature of the State of Texas since the beginning of the Agricultural and Mechanical College of Texas has acquiesced in the Board of Directors' concept of its authority. Through the years the Board of Directors of the Agricultural and Mechanical College of Texas has passed a number of resolutions relating to the policy of excluding women from the Agricultural and Mechanical College of Texas. The Board of Directors of the Agricultural and Mechanical College of Texas has not altered its long observed policy of excluding women students from the regular sessions of the Agricultural and Mechanical College of Texas.

"9. The Texas system of higher education as it exists today is comprised of 18 institutions fully supported by State funds. Each of these institutions, with the exception of the Agricultural and Mechanical College of Texas and Texas Woman's University, is open to both sexes and has remained open to qualified members of each sex since the date of founding. * * *

"12. Pursuant to Articles 2610 and 2613(6) of the Texas Statutes, and pursuant to Texas law generally, conferring government and control of the College upon the Board of Directors, women are excluded as students by the Board, except for summer school instruction, under a Resolution or Regulations dated September 3, 1925, amended February 23, 1926, recorded

in Volume 6, pp. 46 and 66, Official Minutes of the Board of Directors of the College, which regulations or resolutions have never been repealed, impaired, or rescinded, and they are still effective and enforced actions of the Board to date and at all times material to this suit, copies of said attacked Resolutions or Regulations being attached hereto and made a part hereof."

On July 16, 1959, the Honorable John M. Barron, counsel for appellees, wrote Mr. Heaton, Director of Admissions, Texas A. & M. College, substantially as follows:

Has there been any change or alteration in the Board's Resolution excluding women students from the regular terms of the College for undergraduate work?

If you feel that you cannot answer this question, I am wondering whether you would make the official records available to me for inspection, so I might make the determination myself.

On July 17, 1959, Mr. Heaton wrote Mr. Barron in reply, substantially as follows:

The official minutes of the Board of Directors do not indicate that the Board has altered its long observed policy of excluding women students from the regular sessions of the College.

On August 19, 1959, the Associate Registrar of A. & M. College, wrote appellant, Miss Allred, substantially as follows:

Your recent request has been interpreted as an indication that you may wish to enroll at the A. & M. College of Texas. We appreciate your interest but wish to advise that our school is not a coeducational institution. In view of this situation, we are not sending the information as requested in your recent communication.

On August 25, 1959, Mr. Barron wrote Mr. Heaton, as follows:

"As one of the legal counsel for several women who desire to enter A. & M. College as students during the regular sessions, beginning at the next session about to begin, I wish to notify you that the ladies are ready to present their credentials, transcripts of credits and all other information to prove their educational, moral and other necessary qualifications for under-graduate study at the College. This notice is given pursuant to directions in the Bulletin, and we desire that you send all necessary forms, instructions, etc., subject to the following matters contained in this letter.

"As usual, the Bulletin contains the express provision that only male students will be accepted for admission, and we recognize that the College stands upon that provision as a lawful regulation. But we disagree and are ready, and now tender, any and all information and proofs necessary for admission to the school by these ladies, save and except the proof that such applicants are men instead of women.

"Upon your request or notification to me, they shall be glad to furnish names, desired courses of study and any and all information required by the College. In view, however, of the position taken in the past, the women will not perform the vain act of presenting themselves personally at your office, unless you or some authorized officer notifies me that they will be considered for admission regardless of sex, since that bar is at the threshold of this action.

"If the College will accept the women upon proof of qualifications considering the above, please send the necessary applications and instructions and they will be glad to comply with the regulations of the College for admis-

sion. At lease four applications will be needed. * * *"

In reply to that letter Mr. Heaton, on September 2, 1959, wrote Mr. Barron substantially as follows:

Receipt of your letter of August 25, 1959, is acknowledged. As a courtesy only, and not subject to any matter or condition, I am transmitting herewith four formal application forms.

On September 3, 1959, Mr. Barron wrote Mr. Heaton substantially as follows:

Thank you for sending four application blanks. However, since you refuse to state that the women will be considered for admission, as outlined in my letter of August 25, in view of the Resolution excluding them, your letter to me of July 17, 1959, and your absolute refusal to consider Miss Margaret E. Allred by your letter to her of August 19, 1959, it will be necessary to file suit to attempt to remove the bar against women as a class, and subject to the outcome of that suit, the women will again apply for admission. The women involved are Mary Ann Parker, Sarah E. Hutto, Margaret E. Allred and Mildred Barron, all of Bryan, Texas, as well as other women who desire to attend.

We are still ready to submit the proper applications when we are told that the Resolution will not be enforced or when it has been amended, or that the women will be in good faith considered for admission to the next regular fall session, without regard for sex. I consider at present, from past legal experience and from the above letters, that the answer as of today is an unequivocal "No".

Neither appellant filled out and signed the application blanks required by the college for entrance, nor did either appellant present herself in person to the college for admission for any course of study whatsoever but elected, through their attorney, to file this suit without having formally applied for entrance, and without having been rejected.

Appellants went to trial on their original petition and supplemental petition, and in their original petition they alleged in part:

"I. The named Plaintiffs above bring this action for themselves individually, and also as a class action as permitted by law, particularly Rule 42. Texas Rules of Civil Procedure, there being a common question of law affecting higher educational rights of American women, and a common relief is sought for all other similarly situated. The issues and questions herein are of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the Court.

"II. It is alleged that each of the above named Plaintiffs, excepting the pro forma joinder and the Next Friend, are female residents of the State of Texas and each of the Plaintiffs are interested in, and their rights and status are affected by, a statute or resolution promulgated by the Board of Directors of A. & M. College, which bars and excludes all female students from the College, or which purports to do so. The Plaintiffs, desiring to attend or desiring to be considered for admission to A. & M. College without discrimination for undergraduate study, herein attack the Resolution or Regulation barring women from the College as being repugnant to the Fourteenth Amendment to the United States Constitution, and they seek to obtain a declaration that the involved Resolution or Regulation is void and in contravention thereof.

"III. Each Plaintiff is interested in the subject matter hereof and the va-

lidity or invalidity of the Resolution involved for the following reasons:

"(a) The Plaintiff, Margaret E. Allred, is interested because she is a graduate of an accredited high school and with college credits, and she seeks a Bachelor of Arts Degree with a major in History and Government, and a degree in Floriculture in the School of Agriculture.

"(b) The Plaintiff, Sarah C. Hutto, is interested because she is a graduate of an accredited high school, and she seeks a Bachelor of Sciences Degree with major courses in Biology or Entomology.

"(c) The Plaintiff, Mary Ann Parker, is interested because she is a graduate of an accredited high school and with college credits, and she seeks a Bachelor of Architecture Degree in the School of Engineering.

"The High School graduates above have completed at least 15 acceptable units, as provided for on Page 54 of the College Bulletin, and the students above with college credits are eligible to return to the original institution, they have a grade point ratio of 1.00 or better, and they are all willing to make the necessary proofs set forth in the bulletin at pages 54–58 thereof, and to pay all necessary fees and expenses after the exclusionary Resolution is no longer a hopeless bar, or alternatively, when the Resolution attacked here is no longer an absolute bar to the admission of women, since it would be vain to attempt the above until the discriminatory Resolution or Regulation is removed by the Court, as hereinafter alleged. All of the Plaintiffs desire undergraduate study at the College, and all women, including Plaintiffs, are now disqualified, in limine, by reason of sex.

"Each of the Plaintiffs alleges that she is in good health and of good character; that each desires to obtain a college education and that A. & M. College is the best, least costly and most convenient and available place for each of them to obtain it. Further, each is willing and able to take all required oaths and comply with any requirements of the college or qualification as a student which are designed for females, including Military, Naval or Air training if courses suitable to women are offered, when they can be considered for admission without sex discrimination."

■ We think the trial court correctly denied the relief prayed for by appellants (assuming that each applied for entrance and that each was rejected) for the reason that the exclusion of appellants from the Agricultural and Mechanical College of Texas was not violative of any constitutional right. First of all, each of the appellants desired to attend A. & M. College of Texas because it is more convenient and less costly to appellants than attendance at any other school because it is nearer their home and that if they resided near any other State supported college or university in Texas, they would probably attend the school nearest their home.

That was the exact situation in the case of Heaton v. Bristol, Tex.Civ.App., 317 S.W.2d 86, w. ref., certiorari denied 359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765.

The Agricultural and Mechanical College of Texas is the oldest state supported institution of higher learning, and since the founding of the College it has been operated and universally recognized and accepted as a school for the training and education of young men. The Board of Directors has governed the College with the view that it was vested with discretionary power to exclude female students and the Legislature of the State of Texas, since the beginning of the school, has acquiesced in the Board's concept of its authority. The college is one of seven State supported military colleges in the United States. It is the only State

supported military college in the State of Texas. The Military program at A. & M. College differs from the Reserve Officers' Training Program offered at various other state colleges and universities in a number of material respects. The participants in the military program at A. & M. College are organized on a corps basis; the men are organized into military units, and they are constantly under military discipline, twenty-four hours a day, seven days a week. The Texas system of higher education, as it exists today, is comprised of 18 institutions fully supported by State funds. Each of these institutions, with the exception of A. & M. and Texas Women's University, is open to both sexes and has remained open to qualified members of each sex since the date of founding. The only distinguishing characteristics between the facts in the instant case and the facts involved in Heaton v. Bristol, are:

(1) In this case plaintiffs, Margaret E. Allred, Sarah C. Hutto and Mary Ann Parker, have brought this suit not only as individuals but have attempted to bring it as a class action, whereas in Heaton v. Bristol, supra, Lena Ann Bristol and Barbara Tittle did not attempt to bring the suit as a class action.

(2) The relief prayed for in the instant case by plaintiffs in the trial court was (a) declaratory judgment, and (b) injunction, whereas plaintiffs in Heaton v. Bristol prayed for declaratory judgment and mandamus.

(3) The instant case was tried partly on an agreed stipulation of facts, whereas the case in Heaton v. Bristol was not.

■ In stipulation 1, we find that Miss Allred (in June, 1959) *"made application for admission to a summer session of the Agricultural and Mechanical College of Texas and stated that the course of study she was pursuing or expected to pursue in the Agricultural and Mechanical College of Texas was law."* (Emphasis added). There is nothing in the record to indicate that Miss Allred notified the College that she desired to enter for the purpose of obtaining a degree in floriculture. It is true that the plaintiffs, in their original petition on which they went to trial, specifically alleged that Miss Allred is interested because she is a graduate of an accredited high school and with college credits, and she seeks a Bachelor of Arts Degree with a major in history and government, and a degree in floriculture in the School of Agriculture; that on trial of the case counsel for Miss Allred struck from the pleadings "the allegations for request for a degree in Government and History." But the undisputed fact still remains that the first notice that the college had that Miss Allred desired a degree in floriculture was contained in the original petition. It is true that the plaintiffs alleged in their petition that they bring this action for themselves individually and as a class action but there is absolutely no proof in this record that either of the plaintiffs are authorized to bring this suit for any other person or persons except for themselves. There is absent any proof to the effect that women as a class in the State of Texas desire to be enrolled in the College, and there is no proof that any other woman in Texas, save and except Miss Allred, desires to obtain a degree at the College in floriculture. So, we are of the view that the proof wholly fails to sustain a class action. The foregoing situation exists without dispute as to the other plaintiffs. (Appellants, Hutto and Parker, have wholly failed to show that their status is different from the applicants in Heaton v. Bristol, supra; however, the applicants in the Bristol case did apply for entrance and were rejected). Moreover, since Miss Allred made application to attend the summer session on the ground that she desired to pursue a course of study in the college, and that the subject was law, and since she further stipulated that she desired to attend such college because it was more convenient and less costly than any other institution of higher learning, and because it is near her home, and further, that if she resided near any other State-supported col-

lege or university in Texas, she would probably attend the school nearest her home; these stipulations being uncontradicted by any evidence, bring her within the exact situation as the applicants in Heaton v. Bristol, supra. We think the foregoing undisputed factual situation shows conclusively that Miss Allred's (as well as co-plaintiffs') exclusion from the college was not violative of any of their constitutional rights. It is obvious that appellants, being denied the right to attend the State college in their home town, are treated no differently than are other students who reside in communities many miles distant from any State-supported college or university. The location of any such institution must necessarily inure to the benefit of some and to the detriment of others, depending upon the distance the affected individuals reside from the institution. But, as we understand appellants' contention here, they base their right to relief on the doctrine announced by U. S. Supreme Court in the State of Missouri ex rel. Gaines v. Canada, reported in 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. We have carefully considered this case and do not believe that it is applicable and controlling to the undisputed factual situation here before us. The decision in that case was grounded on the factual situation that a Negro in the State of Missouri, who had graduated from Lincoln University, a state institution of Missouri for Negroes, had presented himself for enrollment at the University of Missouri for the purpose of pursuing a law degree (such course not being offered at Lincoln University) and the University of Missouri refused to admit him to the law school solely on the ground that he was a Negro. In other words, here was discrimination solely on the ground of color and/or race. That situation is non-existent here.

Moreover, we have this further distinction in the Gaines case and the case at bar. In the Gaines case the applicant made application for admission and the application was refused. In the case at bar, attorney for appellants requested four application blanks which were mailed to counsel, but counsel refused to have the applicants execute the application blanks and present them to the college on the ground that the resolution here attacked precluded the admission of women. So, here we have an attack made upon the college without the applicants having been refused admission to the college. Can this Court assume that the applicants desire to enter A. & M. College when they do not make application, and when their attorney elects to advise them not to do so? We think the answer is "No." Surely no justiciable controversy is here presented.

We have no way of knowing what the school authorities of the College would have done if Miss Allred had applied for admission to the college for the sole purpose of pursuing a degree in floriculture. It is obvious that if Miss Allred is the only one who desires such a degree, that the management or the Board of Directors would have had authority to make an exception in her case, and we cannot speculate on what would have happened had the college been fully informed of her desires before she filed this suit for relief. In the Gaines case, supra, the applicant's desire to obtain a law degree was unmixed with any other purposes. Here, Miss Allred desires to attend the college, partly because she is in the vicinity, partly because it is more convenient for her, and partly because it is cheaper, and partly because (she alleges in her pleadings) she desires to obtain a degree in floriculture. So, her purpose to enter the college is not unmixed with other conditions, and we have no way of knowing what she would do or what her desires would be if she lived near other state supported schools. In fact, during the trial, she abandoned stipulation one to the effect that she desired to pursue the study of law. As we pointed out in Heaton v. Bristol, supra, sex, as a basis for legislative classification has been used with considerable frequency in both the statutes of the United States and of the several states. The range of this legislation covers such diverse subjects as jury service,

voting rights, employment in certain pursuits, minimum wage and hour legislation and property rights. See numerous authorities cited on page 99 of 317 S.W.2d. Surely the Supreme Court of the United States will not attempt to interfere with the public policy of the sovereign states of this nation in the management and control of their respective educational systems so long as such systems do not discriminate against color or race. This Court is of the further view that the duty of the United States Government to train its militia for the protection of the public transcends any private desire of any particular citizen in the United States to take a course of study offered at one of the United States military academies, whether that course includes basic military science, veterinary medicine or floriculture. In keeping with the foregoing view, we also think that it is the duty and a function of the State in the exercise of its public policy to provide military training for its youth, if it elects to do so, for the protection of the public, and that this duty and the form it assumes transcends any private desire of any particular citizen to take a course of study offered at its state military college, however desirable its course of study may be.

■ Finally, we think the trial court erred in permitting this case to be brought as a class action, because appellants failed to show that the named plaintiffs were members of an eligible class and entitled to enroll as students in the Agricultural and Mechanical College of Texas as such. The appellees, in their original answer, averred:

"Without admitting Plaintiffs' eligibility, independently of sex, to enroll as students in the Agricultural and Mechanical College of Texas, and without admitting the eligibility of members of Plaintiffs' class, independently of sex, to enroll as students in the Agricultural and Mechanical College of Texas, Defendants further allege that in view of the judicial determinations in Heaton v. Bristol, supra, as alleged in Paragraph III of this answer, Plaintiffs and members of their class are not, as a matter of law, entitled to relief as prayed for in their Original Petition."

The Court overruled appellees' contention here expressed, to which they duly excepted, and the error is cross-assigned.

We have previously stated that the only evidence attempting to show that the named plaintiffs were members of an eligible class (independent of sex) to enroll as students in the college is stated in paragraph three of the agreed stipulations. There we find "All three women plaintiffs are graduates of accredited Texas High Schools." Mr. Heaton, Director of Admissions and Registrar at the college testified that graduation from an accredited high school was not the only requirement, independent of sex, permitting enrollment in the college. That statement is undenied and is not challenged.

Subdivision (a) of Rule 42, T.R.C.P. provides:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

It is our view that persons bringing a class action under Rule 42 aforesaid, are required to be members of the class and be of sufficient number as will fairly insure representation of all, and such individuals cannot have interests which are antagonistic to the interest of absent parties whom they purport to represent. See McDonald, Texas Civil Practice, 1950 Ed., Sec. 3.34, p. 277; Moore's Federal Practice, 1948 Ed., Sec. 23.04, p. 3418, et seq. See also Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22.

■ In Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841, our Supreme Court made this statement:

"* * * It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject-matter in litigation, either in his own right or in a representative capacity * * *."

As we understand the foregoing Rule we think the petitioners had the burden to introduce evidence in order to establish that they are members of a class eligible (independent of sex) to enroll as students in the college; otherwise they would not be persons constituting a class, and could not, therefore, represent unnamed plaintiffs who would be bound by issues in this case.

It is true that appellants here contend that the class they represent are graduates of accredited high schools; however, this view of appellants represents a view which is antagonistic to the interest of the absent parties to the litigation who seek to maintain a system of higher education in Texas affording a freedom of choice for themselves between an all-male institution of higher education, an all-female institution of higher education, and a co-educational institution of higher education. In other words, appellants here seek to change the public policy of this State as to its form of a higher educational system. So, again, we say that the appellants have wholly failed to carry their burden of showing that they are entitled to maintain their suit as a class action. Under the record here made we are of the view that the pertinent facts in the record of Heaton v. Bristol are substantially identical with the pertinent facts in the instant case, and being of this view, we think it is our duty to overrule each of appellants' contentions.

Accordingly, the judgment of the trial court is affirmed.

### On Motions for Rehearing

We have given our most careful attention to appellants' motion for rehearing, and after so doing we are of the view that it should be overruled, and it is accordingly overruled.

The appellees have filed their motion for rehearing in which they ask that the paragraph hereinafter quoted be stricken on the ground that the statement constitutes dictum not necessary to the decision or judgment of this Court. We quote such paragraph:

"Since Miss Allred has never made application to the proper authorities of A. & M. College for admission, in order to pursue a course of study leading to a degree in floriculture; and since the A. & M. College authorities have not had an opportunity to pass on her application for this particular course (which the records show is obtainable only at A. & M. College in our system), we are compelled to take the action we have as it pertains to Miss Allred. But in view of the decision of our United States Supreme Court in Gaines v. Canada, supra, we feel it is our duty to say that in the event that Miss Allred makes application for admission to A. & M. College to pursue a course of study leading to a degree in floriculture, that she should be permitted to do so, and not be excluded solely on the ground that she is a member of the female sex. We further feel that in

view of the Canada case, supra, and the foregoing, that should she so apply, and be otherwise qualified, the authorities of A. & M. College will grant her admission."

After carefully considering appellees' motion we are of the view that it should be granted, and that the Clerk be directed to strike and delete the foregoing paragraph from the opinion handed down on May 19, 1960. Accordingly, appellees' motion to strike is granted, and the Clerk of this Court is directed to strike and delete the foregoing paragraph from such opinion.