**TEXAS WOMAN'S UNIVERSITY,**
**Appellant,**

v.

**Vanida CHAYKLINTASTE et al., Appellees.**

**No. 17589.**

Court of Civil Appeals of Texas,
Fort Worth.

March 14, 1975.

Rehearing Denied April 18, 1975.

John L. Hill, Atty. Gen. of Tex., and William C. Bednar, Jr., Asst. Atty. Gen., Austin, for appellant.

Michael J. Whitten, Denton, for appellees.

MASSEY, Chief Justice.

QUESTION: On constitutionality; Is that regulation of the state supported educational institution constitutional or unconstitutional which provides that a classifica-

tion of female students must reside on the campus premises but (through omission of any provision in the regulation) does not make like provision as applied to male students who would, but for the sexual distinction, fall within the same student classification?

ANSWER: The regulation is unconstitutional.

## OPINION

By way of preliminary remark it is to be observed as was anticipated that our courts are about to embark upon tasks like unto that made necessary by the litigation over racial discrimination. Hopefully it will be neither as extended nor as bitter.

Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208 (1938), reviewed antecedent cases, including one occasioning its prior statement relative to minority requirement for sleeping car facilities on railroads in which it had written: "Whether or not particular facilities shall be provided may doubtless be conditioned upon there being a reasonable demand therefor; but, if facilities are provided, substantial equality of treatment of persons traveling under like conditions cannot be refused." The court stated that where any person suffers by such denial it would be because his constitutional privilege had been invaded.

Allred v. Heaton, 336 S.W.2d 251 (Waco, Tex.Civ.App., 1960, writ ref., n. r. e.), certiorari refused at 364 U.S. 517, 81 S.Ct. 293, 5 L.Ed.2d 265, reh. den. 364 U.S. 944, 81 S.Ct. 459, 5 L.Ed.2d 375, was the case where a woman first applied for admission as a student at the Agricultural and Mechanical College of Texas for men (Texas A. & M.). Therein the court wrote On Motions for Rehearing, as follows: "But in view of the decision of our United States Supreme Court in Gaines v. Canada, supra, we feel it is our duty to say that in the event that Miss Allred makes application for admission to A. & M. College . . . that she should be permitted to do so, and not be excluded solely on the ground that she is a member of the female sex."

We may take judicial notice that subsequent the decision in Allred v. Heaton, supra, state supported colleges and universities of Texas were opened for attendance, as students, to both sexes.

Enacted, to become effective November 7, 1972 was the Amendment to the Constitution of the State of Texas as Section 3a to Article 1, Vernon's Ann.St., "Equality under the law", reading: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin."

The constitutional question arisen in the instant case is not because of the admission or denial of admission of a student or student-group to a state supported institution of higher learning because of sex, but rather because of the denial—because of sex—of some right or privilege to a student or student-group already admitted; and, further by way of clarification, because— by parietal rule or regulation—of the denial of right or privilege to a student or student-group (carved from a part of the sexual group which comprises the greater majority of students) to live in off-campus housing, while at the same time permitting such privilege to other students because there was a difference in their sex.

The rule was not and would not have become discriminatory except for the admission of men, the minority group, as students at Texas Woman's University. Just as Texas A. & M. began to admit female students to that all-male institution of learning a very few years ago, the Texas Woman's University, an all-female institution of learning, began to admit male students.

Through a substantial expenditure, with accompanying indebtedness assumed, Texas Woman's University had theretofore constructed adequate facilities to house its female students. It obviously did not anticipate necessity to provide housing for any male students. In any event it did not construct any housing to accommodate them. Rather obvious from the record is the fact that it either does not now have the space or the money to provide for an all-male housing and that it seeks to preserve such housing as heretofore provided for female students exclusively.

■ However, under the law as quoted from Missouri ex rel. Gaines v. Canada, supra, Texas Woman's University is foreclosed from acting in the exercise of good business judgment in the interest of the State of Texas or its own unit. Having provided housing facilities for women it is unconstitutionally discriminating against its male students when it does not provide substantially equivalent and equal housing facilities for men.

■ And, as a necessary corollary, it is unconstitutionally discriminating against its female students when it permits male students to live in off-campus private housing facilities, but by its parietal rule denies its female students the same right or privilege. It is in this that there is invasion and denial of the constitutional privilege possessed by members of the class of persons bringing suit in the instant case.

Their right to maintain the suit was born in the action, or threatened action disciplinary or punitive in nature, taken against one or more members of the class, specifically a female student who had moved off-campus and into private housing while continuing to attend classes.

The judgment from which the appeal was taken granted injunctive relief. In the judgment the trial court incorporated a great many findings of fact, some of which counsel for Texas Woman's University has treated as having constituted a necessary premise for the judgment. Of the factual findings incorporated into the judgment only those relating to the sexual discrimination made in denial of the right to resort to off-campus housing facilities are necessary to upholding the judgment.

We quote in abbreviated form from the judgment: "IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant's Parietal rule, which requires every adult undergraduate woman student to live in a unit of the residential system, . . . be, and the same is hereby declared invalid, void, and unenforceable as . . . prohibited by the Equal Protection Clause of the 14th Amendment, and by Article 1, Section 3 of the Texas Constitution."

■ In order that it be made clear that we act upon all points of error presented we state that we hold that the Parietal Rule of Texas Woman's University is not subject to attack as in conflict with provisions of Vernon's Ann.Tex.St. Art. 5923b, "Rights, privileges and obligations of 18-year-olds."

Articles of interest to the student include the following: 15 South Texas Law Journal (1974) 111, "Is the Texas Equal Rights Amendment The Answer", by Joan Harvill; 82 Harvard Law Review (1968–1969) 1065, "Developments in the Law: EQUAL PROTECTION"; 11 Houston Law Review (1973–1974) 136, "An Overview of the Equal Rights Amendment in Texas."

Judgment is affirmed.