In re the MARRIAGE OF Victor P. CARMACK, Petitioner-Respondent,

and

Evelyn Carmack, Respondent-Appellant.

No. 37703.

Missouri Court of Appeals,
St. Louis District.

March 15, 1977.

Motion for Rehearing and for Transfer Denied April 15, 1977.

Application to Transfer Denied June 14, 1977.

W. H. S. O'Brien, Festus, Hanks, Taylor & Suddarth, Clayton, for respondent-appellant.

Charles W. Medley, Farmington, for petitioner-appellant.

DOWD, Judge.

Appellant contests the provisions of a dissolution of marriage decree concerning child custody, division of marital property, and maintenance. Appellant and respondent will be referred to herein as wife and husband, respectively.

The parties were married on May 18, 1961. Dissolution was decreed September 12, 1975. The wife's four children by previous marriages resided with the couple, and a daughter was born to them in 1966.

The husband is employed as an electrical mechanic and has been so employed for the last twenty years. He testified that typical bimonthly paychecks totaled $754 a month. He supplements his income occasionally with odd jobs. His net income in 1974 was $13,600, or approximately $1,133 per month. Although the wife worked prior to the marriage, she has only sporatically worked since, her total employment during the marriage being one month.

The parties own a house and 35 acres of land, purchased for $9,500 and appraised at $17,000. They also own 3 automobiles including one that is inoperable, one 1971 Gremlin, and a 1970 Pontiac. No testimony was given as to the value of the cars, but loans against them total approximately $2,700. The parties also own 3 horses, life insurance worth $500, and household furnishings. Outstanding debts total approximately $7105.71.

Each party accused the other of misconduct. The wife testified that her husband was an unreliable provider, that she could not tell when checks would be returned for insufficient funds, that he threatened her and attempted to physically abuse her. He testified that she visited psychics and fortune tellers, that after these visits she would accuse him of gambling, homosexuality, keeping another woman, and playing a numbers game, that she refused to sign a joint tax return unless a dentist bill was paid, and that she wrote the president of her husband's company and informed him that the husband had bought electrical items for personal use through the company name.

The court in its decree awarded the husband custody of the nine year old daughter and all the marital property, after payment to his wife of $3,000.00 at the rate of $75.00 per month. The husband was also ordered to pay the outstanding debts. The wife was not awarded maintenance.

We are asked to decide if the trial court abused its discretion by giving the husband custody of the nine year old daughter, by giving the husband an excessive amount of marital property, or by denying the wife maintenance. Our disposition of these three points makes it unnecessary to consider appellant's allegation of bias on the part of the trial judge.

Supreme Court Rule 73.01 directs us to review this court tried case upon both the law and the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. The trial court's decree is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.Banc 1976); *Blessing v. Blessing,* 539 S.W.2d 699, 702 (Mo.App.1976). If the appellate court believes that the trial court erred in its decree, it is its duty to enter such judgment as the trial court should have entered. *Blessing v. Blessing, supra; In re Marriage of Powers,* 527 S.W.2d 949, 954 (Mo.App. 1975). Since the record in the present case is complete as to the relevant factors including the financial conditions of the parties, we review the evidence and reach our own conclusion as to the proper judgment to be entered.

Resolution of the child custody issue affects our consideration of the division of marital property and the award of maintenance. The standard for determination

of who shall have custody is the best interests of the child. § 452.375, RSMo Supp. 1976, *In re Marriage of Powers, supra* at 925. The trial court did not make a finding that the best interests of the child would be served by placing her with her father, and the record lacks substantial evidence to support such a finding.

■ Neither party was shown to be an unfit custodian by the evidence adduced at trial. Although each accused the other of misconduct, neither showed misconduct relevant to the other's fitness to care for the child. The husband alleged that the wife attempted to convince the child that the accusations the wife made against him were true, but he also testified that she had taken good care of the child and had otherwise been a good mother. Other testimony concerning the wife's misconduct was not relevant to the custodial welfare of the child and should not be considered in determining custody. *L― E― S― v. S― A― E―*, 507 S.W.2d 681 (Mo.App.1974). Custody awards are not to be used as punishment for marital misconduct by one of the parties to the dissolution. *McCallister v. McCallister,* 455 S.W.2d 31, 35 (Mo.App.1970).

Nor does the record, considered in the light of the factors the trial court was required to consider under § 452.375 RSMo Supp.1976, reveal any family circumstances or patterns to support the award of custody to the father.[1] The father did care for the child in the evenings and occasionally on weekends during the separation. However, he did not move for an award of temporary custody during pendency of the proceedings, and did not even seek permanent custody until the day of trial. His only testimony regarding his plans to care for the

child was that he intended to hire a babysitter to care for her while he was at work.

On the other hand, the wife was at home to care for the child while the couple was married and she had the child during the separation. The child was raised with the wife's children by previous marriages and and her testimony in chambers revealed that she considered them to be her "real" brothers and sisters. There was no evidence as to the child's adjustment to school or the health of the child involved. Nor was there any evidence that the mother had neglected or abused the child or had been anything but satisfactory in caring for the child. The child did not indicate a preference to stay with either parent.

■ Where, as here, the record shows no abnormal family patterns or unequal circumstances between parents, and neither parent is demonstrably unfit to be custodian, the principle that the mother is the better custodian for a child of tender years is applicable. *In re Marriage of Zigler,* 529 S.W.2d 909 (Mo.App.1975); *S. G. E. v. R. L. J.,* 527 S.W.2d 698 (Mo.App.1975). This is particularly true where the child is a girl. *S. G. E. v. R. L. J., supra* at 703; *Horst v. McLain,* 466 S.W.2d 187 (Mo.App.1971). The rule is merely a judicial statement of a common understanding of normal family relationships which foster the best interests of young children, and is not a conclusive presumption. *Johnson v. Johnson,* 526 S.W.2d 33, 37 (Mo.App.1975); *McCallister v. McCallister,* 455 S.W.2d 31, 34 (Mo.App. 1970). However, when the rule is not followed, there must be some evidentiary support for the court to find that a young child's best interests are served by placement with the father. *S. G. E. v. R. L. J.,*

1. Section 452.375, RSMo Supp.1976, provides that:
    "The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:
    (1) The wishes of the child's parents as to his custody;
    (2) The wishes of the child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;
    (4) The child's adjustment to his home, school and community; and
    (5) The mental and physical health of all individuals involved."

*supra* at 703; *Baker v. Baker,* 475 S.W.2d 130, 133 (Mo.App.1972).

Since the record before us does not show any particular circumstances that support deviation from the presumption that the mother is best able to care for the child, we hold that the child's interests would best be served by awarding custody to the mother. Other factors support awarding custody to the mother. The child would thereby remain with her stepbrothers and stepsister. She has been in her mother's custody during the separation and this arrangement would not be disturbed. Since we are aware that maintenance of relationships with both parents best fosters a child's development, we hold that the father should have the care and custody of the child upon two specified weekends of each month, beginning on Friday evening at an appropriate hour and continuing until Sunday evening at an appropriate hour and for a period of at least 3 weeks during the summer months.

Appellant further contends that the award of $3,000 for the wife's share of the marital property was erroneous, not supported by substantial evidence, an abuse of discretion, and against the weight of the evidence. The trial court did not make a finding as to the total value of the marital property. Appellant values it at $22,000; respondent at $20,000. In light of the factors the court is directed by statute to consider in the division of marital property, and our decision to grant the wife custody of the minor daughter, the trial court's property division is erroneous.[2]

■ The wife contributed to acquisition of the marital property. She testified,

without contradiction, that she paid one-half of the down payment on the house, paid one-half of the house payments for 2 years prior to the marriage, and furnished the home. She contributed to the marriage as a homemaker for 12 years. The husband's economic circumstances are far superior to the wife's. He has twenty years work experience and his monthly income is between $754.00 and $1,133.00 a month. Both parties agree the wife has had no appreciable work experience in the last twelve years. Since we have decided she should have custody of the parties' minor daughter, it is desirable for her to have the family home. *In re Marriage of B. K. S. and D. D. S.,* 535 S.W.2d 534, 536 (Mo.App. 1976). While the trial court may have weighed the wife's misconduct in its decision, conduct is only one factor to be considered under § 452.300, and is not controlling. *In re Marriage of Powers,* 527 S.W.2d 949, 957 (Mo.App.1975). In our judgment the wife's conduct is not marital misconduct which justifies awarding the husband 85 to 86 percent of the marital property, particularly in view of the other relevant factors discussed above. We therefore direct the trial court to award the wife the real estate as described in its decree, the household furnishings, the 3 horses, and the 1970 Pontiac automobile. The husband should be awarded the life insurance policy and the 1971 Gremlin automobile, the 1966 Pontiac automobile, and should pay the debts and attorney fee set forth in the decree.

■ Consideration of the factors set forth in § 452.335 leads us to conclude that the wife is entitled to maintenance.[3] The marital property to be awarded her in ac-

2. Section 452.330, RSMo Supp.1976, provides that:

". . . the Court set apart to each spouse his property and shall divide the marital property in such proportions as the Court deems just after considering all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse.

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage."

3. Section 452.335, RSMo Supp.1976, provides that:

cordance with this opinion is not income producing, and the record does not reveal any separate property. Even if she were able to find employment, as respondent suggests, we must consider the fact that, as a result of our opinion herein, she has the custody of a nine-year old child, so that it is appropriate that she not be required to seek employment outside her home. *See In re Marriage of Neubern,* 535 S.W.2d 499 (Mo. App.1976).

The wife's testimony established her monthly expenses as $270.00 to $300.00 a month. The husband testified to living expenses of approximately $300 a month. In addition, $149.00 is taken from his paycheck to cover a credit union loan. His monthly income averages between $754.00 and $1,133 a month.

■ The wife's limited work experience and responsibility for the care of the minor child indicates that she will not be able to meet her needs independently. *Dodd v. Dodd,* 532 S.W.2d 885, 889 (Mo.App.1976); *Nixon v. Nixon,* 525 S.W.2d 835, 838 (Mo. App.1975). The award of maintenance may of course be modified if the wife acquires education or training and is able to support herself. *Nixon,* supra at 838. The marriage lasted for twelve years, and the wife is 45 years old. Conduct is only one factor to consider under § 452.335, and in the present case neither party was exemplary

in their conduct. The wife's misconduct is not sufficient grounds to deny her maintenance as punishment. *In re Marriage of Powers,* 527 S.W.2d 949, 957 n. 6 (Mo.App. 1975). We believe the husband can financially bear payment of maintenance to the wife in the sum of $25.00 a week, and direct the trial court to enter an order to that effect.

■ Bearing in mind the financial resources and needs of husband and wife as discussed above the father's primary responsibility for support of his child, we also find that the husband should be ordered to pay $35.00 a week to his wife for the support of their child.

In summary, we reverse the trial court's decree of dissolution insofar as it relates to child custody, child support, marital property, and maintenance. We remand and instruct the trial court to enter a decree in accordance with the directions herein.

CLEMENS, P. J., and WEIER, J., concur.

"... the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance
  (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
  (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
  2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:
  (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a

child living with the party includes a sum for that party as custodian;
  (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
  (3) The standard of living established during the marriage;
  (4) The duration of the marriage;
  (5) The age, and the physical and emotional condition of the spouse seeking maintenance;
  (6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and
  (7) The conduct of a party seeking maintenance during the marriage."