## Beadle County National Bank
### v.
### Sigmund Hyman et al.

*Guaranty—Letter of Credit—Construction of—Evidence—Surprise— Practice Act, Sec. 50.*

1. This court holds that a letter bespeaking the assistance of a bank president in behalf of a third person, can not be construed as authorizing the purchase by said person of a bad debt from the bank in question, and guaranteeing payment therefor.

2. Whether a declaration states a case upon which a recovery can be had, is always an original question in a court of review, without regard to demurrers and motions in arrest below, if presented by the assignment of errors.

3. A court trying a cause without a jury, should act upon principles which it would direct a jury to follow in a similar case.

[Opinion filed December 2, 1889.]

In error to the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. James K. Edsall, for plaintiff in error.

When a business firm addresses a letter of this character to a bank, it is fair to presume that the "assistance" for which the bank may be called upon, and the "favor" which it may be expected to extend to the bearer of the letter, are such as fall within the scope of the business in which the bank is engaged, and embraces such assistance and such favors as the bank may, in the course of its business, properly extend. And this clearly embraced the loaning of money, the discount of commercial paper, and the giving or extension of credit on promissory notes.

The "assistance" contemplated in the letter was clearly not confined to the discount of a draft drawn by Moss on S. Hyman & Co., which was only one of the alternatives mentioned.

The undertaking of the writers of the letter is that "any favor" the bank might "be pleased to extend" to Moss "you may hold us responsible for."

The established rule of law is that while the terms of a written contract can not be enlarged or varied by parol, nevertheless, whenever there is any uncertainty in the meaning of its written terms, the contract should be read and construed in the light of the attending facts and circumstances, as they appeared to the parties when the contract was made. Wilson v. Root, 119 Ill. 379, 386; Turpin v. Baltimore & Ohio R. R. Co., 105 Ill. 11, 19.

It is frequently necessary to apply this principle to aid in the construction of letters of credit. White's Bank v. Myles, 73 N. Y. 335, 337, 341; Gates v. McKey, 13 N. Y. 232; Bainbridge v. Wade, 20 Law Jour. (pt. 2), p. 7; Mauran v. Bullus, 16 Peters, 528, 533–4.

Messrs. MOSES & PAM, for defendants in error.

GARNETT, J.   The record in this case is very large and the briefs very elaborate, covering in argument a number of intricate questions, but we regard the case as turning upon a very simple point and shall therefore confine our attention to that. The action was assumpsit upon the following letter:

"CHICAGO, Nov. 20, 1884.

F. E. STEVENS, Esq., Pres't Beadle Co. Nat. B'k, Huron, D. T.

*Dear Sir:*—The bearer, Mr. M. F. Moss, may have occasion to call upon you for assistance during his stay at Huron. Any favor you may be pleased to extend to him you may hold us responsible for, or should he wish to draw upon us for money, we will honor his draft upon presentation.

Yours very respectfully,

S. HYMAN & Co."

At the time the letter was written the bank and S. Hyman & Co. were severally creditors of the firm of L. Adler & Co. of Huron, Dakota, which was then insolvent. There is a dispute whether Moss went to Huron as the representative of Hyman & Co. in the matter of their claim, and as to the time of the presentation of their letter, and what was said on that occasion, but it is not denied that the bank sold to Moss its claim against L. Adler & Co., and as payment therefor received his promissory note dated November 28, 1884, for $2,731.48, payable December 11, 1884, with interest at twelve per cent per annum after maturity. On the back of the note was this indorsement: "If an extension of thirty days is desired it may be had." It appears from the evidence that an extension of thirty days was given for the payment of the note.

The plaintiff claims to have had possession of the letter sued on at the time of the execution of the note, but defendants deny it. But plaintiff says, even if the evidence fails to show its possession of the letter when the note was executed, it certainly had possession thereof when the extension was granted, and so the defendants are liable as guarantors. We think it makes no difference when the letter was handed to the bank. It does not contemplate such a transaction as the selling of a bad debt by the bank to Moss. There was nothing in the relations between the plaintiff and defendant in the terms of the letter, or in the surrounding facts, which authorized such a conclusion.

We have examined the record carefully to ascertain whether

there was anything in the evidence to warrant the construction given to the letter by the bank, and we are clearly of opinion there is nothing of the kind.

The judgment is affirmed.

*Affirmed.*

### *Upon Petition for Rehearing.*

[Opinion filed January 8, 1890.]

GARY, P. J.   On the trial the deposition of Stevens, the cashier of the plaintiff, was read in evidence.   He testified that the letter of credit was delivered to him by Moss as security for the note Moss made to the bank.   Moss and another witness testified that the letter of credit was not delivered until three days afterward, and then only as security for a wholly independent accommodation.   On this state of the evidence the finding of the court, without a jury, in favor of the defendant, could not be disturbed, nor, if the testimony of the witnesses for the defendant is true, could the letter of credit be held by the bank as security for the note upon the ground that while it was in the possession of the bank an extension of the time of payment of the note was agreed upon, nor can the bank claim a new trial on the ground of surprise.   It may not speculate upon the chance of a finding in its favor on the evidence as it stood, and, when disappointed, ask an opportunity to supply the further evidence it knew it needed on the first trial, and which it did not then ask the court to give, as the court might well have done—time to procure.   A rehearing of the case would be useless to the appellants.

This court preferred, in its former opinion, to put the case upon a point which might possibly make the opinion of some future use upon the construction of a written instrument.

Whether a declaration states a case upon which a recovery can be had or not is always an original question in a court of review, without regard to demurrers and motions in arrest below, if presented by the assignment of errors.   Stearns v. Cope, 109 Ill. 340 ; Teal v. Walker, 111 U. S. 242.

In Chicago v. Turner, 80 Ill. 419, it is within the personal knowledge of one member of this court, though the report does not show the fact, that a demurrer to the declaration had been overruled, and yet because it showed no cause of action the court erred in giving and refusing instructions. The statute makes the sufficiency of any court in a declaration a question that may be raised on the trial. Practice Act, Sec. 50; Frink v. Schroyer, 18 Ill. 416. It hardly needs to be stated that a court trying a cause without a jury should act upon principles which it would direct a jury to follow.

*Rehearing denied.*