BETTY BRYNA REININGER, Plaintiff and Counterdefendant-Appellee, *v.* EDWARD JOSEPH REININGER, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 15008

Opinion filed December 29, 1978.

H. Carl Runge, Jr., of Runge & Gumbel, of Collinsville, for appellant.

Delano Law Offices, P. C., of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Following numerous hearings in this dissolution action, the trial court entered an order which, *inter alia*, dissolved the marriage of the parties; which awarded the wife maintenance of $200 per month; and which incorporated a previously agreed-upon property settlement into the judgment of dissolution. The husband appeals from that order, contending that the property settlement agreement should have been set aside and that the trial court improperly awarded the wife maintenance.

The husband argues that the property settlement agreement should be set aside since that settlement was procured through the fraud of the wife. The husband contends that he signed the property settlement agreement only upon the insistence of the wife and with the belief that a reconciliation would be attempted.

■■ Section 502 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 502) provides that the parties may enter into an amicable settlement agreement for the disposition of any property owned by either of them. That section notes that the separation agreement, with regard to property, is binding upon the court unless the court finds, after considering the circumstances of the parties and any other relevant evidence, that the separation agreement is unconscionable. Although case law has not yet construed this new section, those cases

under the prior existing law noted that the law looks with favor upon the amicable settlement of property rights and is reluctant to disturb decrees based thereon. (*Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832.) A settlement agreement, however, will be set aside and vacated if it was procured by fraud, coercion, or if contrary to any rule of law, public policy, or morals. *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 350 N.E.2d 103.

■■ In reviewing the property settlement agreement in this case, it is apparent that such agreement was not contingent upon reconciliation. In fact, that agreement indicates quite the contrary since it provides for a detailed distribution of the property in the event of a divorce. Moreover, the manner in which the parties voluntarily agreed on the division of the property as well as the fact that the husband's attorney drafted the agreement refutes the husband's contention that he was fraudulently induced to sign the property settlement agreement. If the husband believed the property settlement to be contingent upon the reconciliation efforts, he could have had his attorney, who drafted the agreement, incorporate that provision into the settlement.

Furthermore, it is apparent that the parties anticipated that the reconciliation efforts might fail since they incorporated into the property settlement agreement the provision that the agreement would be submitted to the court for approval in the event a decree of divorce was entered between the parties. Thus, in light of the facts and circumstances of this case, it is evident that the husband was not fraudulently induced to sign the property settlement agreement, and the trial court properly denied the husband's motion to set aside that agreement.

With respect to the award of maintenance, the husband argues that the trial court abused its discretion. He contends that the wife has sufficient property to support herself. The husband points out that the wife is a qualified medical technician who has in the past supported their family while the husband was unemployed.

Section 504 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 504) sets forth the criteria for determining whether a spouse is entitled to maintenance. Considering the evidence presented on the financial condition of both parties, in light of the criteria in section 504, it is apparent that the trial court did not abuse its discretion in awarding the wife maintenance of $200 per month. Although the wife will receive real and personal property from the settlement agreement, that property is not readily convertible into cash since it consists primarily of the family residence and personal property accumulated during the marriage. In any event, cases in other jurisdictions with similar statutes have held that a spouse is not required to consume the marital property

before being entitled to maintenance. *In re Marriage of Eller* (Colo. App. 1976), 552 P.2d 30; *In re Marriage of Powers* (Mo. App. 1975), 527 S.W.2d 949.

■ In reviewing the relevant factors under section 504(b), it is obvious that the husband's monthly income is sufficient to meet his own needs while meeting the needs of the wife and his minor children. In addition, the maintenance award will aid the wife in maintaining the standard of living established during the marriage and enable her to obtain the necessary training to resume her career. Thus, in view of these factors and the other evidence presented at trial, it cannot be said that the trial court abused its discretion in awarding the wife maintenance of $200 per month.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

REARDON, P. J., and MILLS, J., concur.