*In re* MARRIAGE OF JO ANN PICKELL, Petitioner-Appellant, and FRANK R. PICKELL, Respondent-Appellee.

Fifth District   No. 79-85

Opinion filed September 19, 1979.

856

Stuart I. Pessin, of Law Offices of Pessin, Baird & Wells, of Belleville, for appellant.

Cornelius Thomas Ducey, Jr., of Ducey & Feder, Ltd., of Belleville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Petitioner-wife appeals from portions of a judgment of dissolution of marriage entered by the Circuit Court of St. Clair County. She complains that the trial court erred in denying her maintenance; that temporary child support and maintenance owed by respondent should not have been deducted from the proceeds of the sale of the family home before the division of proceeds between the parties; and that the trial court erred in excluding certain assets from the marital property disposition.

Petitioner, Jo Ann Pickell, age 40, and respondent Frank Pickell, age 38, were married for 18 years. Respondent left the family home in May of 1978. Petitioner filed for legal separation in June. Temporary maintenance of $150 per month and $30 per month temporary child support for each of the couple's four children was ordered. Dissolution of Marriage was granted on August 29, 1978. Petitioner was awarded custody of the four children: Frank, Jr., age 16; Jeffrey, age 12; Stephen, age 10; and Christine, age 6.

The couple owned a home valued at $39,000. The court ordered the home sold with proceeds to be used to pay numerous outstanding debts, including an $18,000 outstanding balance on a first mortgage, a $7,000 balance owed on a second mortgage, $3,770 owed respondent's credit union, $3,061 in short-term liabilities, $1,800 for braces for son Jeff, $645 in past-due temporary support payments, $950 for repairs to the 1970 Cadillac automobile and divorce attorneys' fees. Any remaining balance was to be divided between the parties. Respondent was awarded the 1964 Jeep, an inoperable 1971 Opel auto and a few items of furniture which

had belonged to his grandmother. The remaining household furnishings and the 1970 Cadillac were awarded to petitioner. Respondent was ordered to pay $140 per week child support. No award of maintenance was made.

Petitioner is currently unemployed. She worked approximately 3½ of the past seven years as a housecleaner. Recently, she has undergone surgery and was under a physician's care at the time of the hearing. She had been offered employment in a nursing home at a minimum wage where her monthly earnings would amount to around $450. Although her health is not excellent, she was well enough to work. She testified that her family's needs total $950 per month, excluding rent, utilities and medical expenses.

Respondent is a brakeman at Consolidated Rail Corporation. In 1977 he grossed $21,443. Considerable testimony was presented regarding respondent's eligibility to receive a monthly displacement allowance pursuant to the Regional Rail Reorganization Act of 1973. Also, respondent has paid into a railroad retirement fund at the rate of 5.85% of his gross pay. Respondent testified that his monthly needs total around $463.

Petitioner-wife contends that the trial court erred in denying an award of maintenance to her. Her claim is based on section 504 of the new Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 504) which requires that the spouse seeking maintenance lack sufficient property, including marital property, and be unable to support herself through appropriate employment or be the custodian of a child whose circumstances make it appropriate that she not work or be otherwise without sufficient income. She further claims that she is unable to earn enough to support herself and the children and that respondent can afford maintenance payments.

Respondent, on the other hand, takes the position that petitioner managed to support herself and the children on approximately $633 per month during July through September of 1978 and that after child support is deducted from his monthly wages, he is left with less than he requires for his basic needs. He testified that income from the monthly displacement allowance is not guaranteed, but rather is contingent upon his meeting specified requirements, most of which are out of his control. He asserts, therefore, that his income must not be viewed in terms of this uncertain displacement allowance.

■■ We agree that the monthly displacement allowance is too uncertain for the court to fully include in its calculation of respondent's ability to pay. Having taken that position, and having reviewed the record, we hold that the trial court did not abuse its discretion in denying petitioner maintenance. Petitioner's cases *In re Marriage of Vanet* (Mo. App. 1976),

544 S.W.2d 236, and *In re Marriage of Carmack* (Mo. App. 1977), 550 S.W.2d 815, are distinguishable from the instant case in several respects. Those husbands were financially able to afford maintenance payments and still have sufficient funds for their own needs.

■ The law with respect to maintenance under the new Marriage and Dissolution of Marriage Act is becoming well settled in our State. The court must consider the factors specified in section 504 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 504), and the amount of an award lies within the sound discretion of the trial court. The trial court's decision will not be set aside unless it is contrary to the manifest weight of the evidence. (*Sullivan v. Sullivan* (1979), 68 Ill. App. 3d 242, 385 N.E.2d 860.) The record here shows that the trial court heard testimony from both parties regarding their needs and their earning capacities. There is a reasonable basis in the record to support the court's decision to deny petitioner maintenance.

■ Petitioner-wife further claims that the trial court erred in ordering that past-due child support and maintenance obligations of $645 owed by husband be paid her from the real estate proceeds before the division of those proceeds between the parties. We agree. Past-due support payments become a debt of the party obligated to pay and cannot be reduced or excused by the court. The deduction of the arrearage from the proceeds of the sale of the real estate before it was divided between the parties has the effect of requiring the petitioner to pay 50 percent of her husband's obligation. *Carroll v. Carroll* (1978), 64 Ill. App. 3d 925, 382 N.E.2d 925.

■ Finally, petitioner-wife contends that the trial court erred in excluding certain assets from marital property disposition. Respondent's interest in a retirement fund is one such asset. Petitioner argues that this fund was marital property, and in support of that argument she cites *In re Marriage of Pope* (1975), 37 Colo. App. 237, 544 P.2d 639. That case, however, differs from this in that in *Pope*, if the husband-employee terminated employment for any reason other than death or retirement, his accumulated contributions were refundable, *i.e.*, they were readily available to him. The *Pope* retirement fund was, therefore, an asset with a present cash value which could be received at will. In our case, however, respondent-husband cannot withdraw the funds he has contributed. At age 60, respondent will be entitled to receive a projected amount calculated similarly to Social Security benefits. If he ceases to be employed by Consolidated Rail Corporation for 18 months, his contributions are automatically transferred into Social Security. Even if we can assume he would continue working, neither he nor this court has any means of determining the amount of pension he will receive. We believe the present value of respondent's future pension benefits would be purely speculative and that the court correctly held that such a value

was not a present asset of the defendant. *Robins v. Robins* (Mo. 1971), 463 S.W.2d 876.

■ In any event, the United States Supreme Court's recent decision that benefits resulting from employment during marriage and payable pursuant to the Railroad Retirement Act are not subject to division in the event of dissolution of marriage is controlling here. (*Hisquierdo v. Hisquierdo* (1979), 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802.) The Supreme Court concluded that Congress had made a deliberate determination to exclude divorced spouses from reaching these benefits. Accordingly, we affirm the trial court's decision to exclude the husband's interest in his railroad retirement fund from the marital property disposition.

■ Petitioner-wife also contends that the trial court erred in excluding from the marital property disposition a $2,000 debt owed to respondent for a camper purchased by an individual residing out of State and a $650 deposit in respondent's credit union savings account. There is evidence to support a finding that the debt was too uncertain to be included in the marital estate. From the record, it is evident that the trial court considered this item and in its best judgment determined it to be too speculative and uncertain to be divided. This court cannot find from the record that that decision was against the manifest weight of the evidence or an abuse of discretion.

■ Regarding the $650 credit union savings account, since the record indicates that this asset was in respondent's name and since it was not awarded to petitioner by the trial court, we conclude that the court considered it to be among that marital property awarded to respondent. We hold that an award of the $650 savings to respondent was not an abuse of judicial discretion.

That part of the court order deducting the child support arrearage from the proceeds of the sale before the division of those proceeds between the parties is reversed. In all other respects the judgment of the Circuit Court of St. Clair County is affirmed.

For the reasons stated the judgment of the Circuit Court of St. Clair County is affirmed in part and reversed in part and remanded for entry of judgment consistent with the expressions of this opinion.

Affirmed in part, reversed in part and remanded with directions.

JONES, P. J., and KARNS, J., concur.