*In re* MARRIAGE OF MARION GUSTKE, Petitioner-Appellant, and PAUL H. GUSTKE, Respondent-Appellee.

First District (3rd Division)    No. 78-1249

Opinion filed November 7, 1979.

Arthur Rosenblum, of Chicago, for appellant.

Arthur M. Solomon and Lois Solomon, both of Solomon & Behrendt, of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This case involves a judgment for the dissolution of marriage in which petitioner, Marion Gustke, was awarded $18,000 from the proceeds of the sale of the marital home. The balance of the proceeds was then to be divided equally between petitioner and respondent, Paul Gustke. Petitioner appeals, contending that the amount awarded was insufficient and against the manifest weight of the evidence. She also claims that the court erroneously denied her request for attorney's fees. Respondent cross-appeals, contending that petitioner is only entitled to one-half of the proceeds from the sale of the house. We affirm.

In July 1961, petitioner received a home in Jackson, Michigan, as part of a divorce settlement from her first marriage. Petitioner moved to Chicago the next year; thereafter, her parents managed the house and collected rent from the tenants. Petitioner claims that her parents sent her this rent money for the next five years, which she then deposited in a bank account in Chicago.

Petitioner and respondent were married in May 1965. Petitioner asserts that she had money in two bank accounts at this time. One account consisted of her earnings as a teacher prior to this marriage. Petitioner testified that she withdrew this money after the marriage, and respondent took it from her. Respondent maintains that the money from this first account was used to pay for their honeymoon trip to Europe. A few years later, according to petitioner, respondent closed the second account and placed the money into a joint account, naming petitioner and himself as joint tenants. Petitioner contends that the money in this second account represented accumulated rents from the Michigan home which her parents had sent to her, whereas respondent claims that the money came from the parties' combined salaries.

In 1967, petitioner's parents sold the furniture from the Michigan house, and the house was rented unfurnished. Petitioner claims that her parents sent her the money from the sale of the furniture and the rent which she then deposited in the second bank account. In contrast, respondent denies that this money was ever received and maintains instead that the money in the bank represented savings from their combined salaries.

In September 1969, the Michigan house was sold pursuant to an installment contract. The contract itself was sold a few years later to another party. There is no dispute that the down payment and the balance received upon the sale of this contract were deposited in the parties' joint savings account. However, respondent suggests that this money was used to finance another trip to Europe. As for the payments received under the installment contract, respondent denies that they were received.

Petitioner also claims that respondent took three tax refund checks she received from the buyers of the Michigan house. Respondent denies having received this money and asserts that there is no documentary evidence of these tax refunds.

In March 1970, the parties built a home which is the subject of this appeal. Various improvements were made on the house over the years. The value of the house increased substantially; an appraisal ordered by the judge placed the value of the house at $125,000, more than double the purchase price.

Both petitioner and respondent are teachers who earned approximately the same salaries during their marriage. In addition, respondent introduced evidence to show that he held various extra jobs during their marriage. In 1973, petitioner received extra money as settlement of a wage grievance claim for a dispute which allegedly arose before the marriage.

After considering the evidence presented by both parties, the trial court concluded that petitioner was entitled to receive $18,000 before any division of the proceeds from the sale of the house. In reaching this figure, the judge evaluated petitioner's alleged contributions to the purchase and improvements of the house; she also took into account the increased value of the house. In general, the court recognized petitioner's contributions to the extent of the down payment received upon the sale of the Michigan house, the money received from the sale of the installment contract and the tax refunds received by petitioner.

The judgment of dissolution of marriage was entered on February 24, 1978. Thus, the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 801) applies to this case. Petitioner claims that the amount awarded is insufficient while respondent contends that petitioner is not entitled to any more than she has received. In his cross-appeal, respondent maintains that petitioner is only entitled to one-half of the proceeds from the sale of the house.

Under the Act, the property of the spouses is to be divided into marital property and nonmarital property. All property acquired during the marriage by either spouse is presumed to be marital property unless that presumption is overcome by a showing that the property comes within one of the exceptions in section 503(a). (Ill. Rev. Stat. 1977, ch. 40, par. 503(b).) The court is to assign each spouse's nonmarital property to that spouse. The court is then to divide the marital property in just proportions considering all relevant factors, including the contribution of each party in the acquisition, preservation, or depreciation or appreciation in value of the marital and nonmarital property. Ill. Rev. Stat. 1977, ch. 40, par. 503(c).

■■ In the instant case, the house must be characterized as marital property since it does not fall within one of the exceptions set forth in section 503(a). (*Cf. Klingberg v. Klingberg* (1979), 68 Ill. App. 3d 513, 516, 517, 386 N.E.2d 517, 520, 521 (commingling marital and nonmarital property in joint bank account resulted in entire account becoming marital property; none of the account qualified as exception under section 503(a)).) We believe that the trial judge carefully considered the evidence and relevant factors regarding this marital property and arrived at a just division. The statute allows the court to take into account the contributions of the parties in determining the distribution of the property. Thus, the court can properly award one spouse a greater share of the marital property if it decides that the relative contribution of that spouse and other relevant factors warrant such a result. Under the circumstances of this case, we cannot conclude that the court erred in awarding $18,000 to petitioner before the proceeds from the sale of the house are divided.

■■ Finally, petitioner contends that the court improperly denied her request for attorney's fees. Section 508 of the Illinois Marriage and Dissolution of Marriage Act provides that the court may order either spouse to pay attorney's fees incurred by the other spouse after it considers the financial resources of the parties. (Ill. Rev. Stat. 1977, ch. 40, par. 508.) In the present case, we believe that the court, after considering the financial resources of the parties, properly ordered that petitioner and respondent would be responsible for their own attorneys' fees.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.