*In re* MARRIAGE OF KAREN LLOYD, Petitioner-Appellee, and DENNIS LLOYD, Respondent-Appellant.

Fifth District    No. 79-406

Opinion filed March 5, 1980.

Meyer & Meyer, of Greenville, for appellant.

Michael B. White, of Hillsboro, for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

On this appeal Dennis Lloyd challenges the provisions of a judgment of dissolution of marriage pertaining to the division of marital property and the award of maintenance entered by the Circuit Court of Montgomery County. He contends that the court below did not divide the marital property of the parties in just proportions and that the findings that his ex-wife, Karen Lloyd, lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment had no basis in the evidence.

At the time of trial the parties had been married for about 10 years. They have one child, a nine-year-old boy. Dennis Lloyd is a school teacher with a gross monthly income of about $1,000. He is 33 years old and in good health. He holds a bachelor's degree with eight hours towards a master's degree. Karen Lloyd has a high school education. Formerly a typist, she has not worked since an automobile accident in February 1973.

Both parties were injured in the accident, but the wife's injuries were much more serious that her husband's. She suffered brain injuries which have adversely affected her memory and thought processes and hampered her in walking and talking. She is unemployable in the foreseeable future. Mr. Lloyd has recovered from his injuries and is able to hold down a job and participate in sports.

The Lloyds settled their claims for personal injuries arising out of the accident for $54,000. One settlement check was written, with no specific amount allocated to the individual parties. Part of the money obtained in the settlement was used to improve the jointly held real estate of the parties and to pay off some of their joint indebtedness. At the time of trial, they had assets worth about $67,000 and debts in excess of $13,000.

In its judgment of dissolution, the court awarded to Karen Lloyd, who was granted custody of the minor child, the marital residence, together with the furnishings and effects contained therein, a 1978 Ford automobile, and a certificate of deposit in the amount of $27,302.17. She was ordered to pay all the debts of the parties from the property apportioned to her. The court apportioned to Mr. Lloyd a 1974 Ford pickup truck, a golf cart and golf equipment, a lawnmower, and a tax-sheltered annuity. In addition, he was ordered to pay child support in the amount of $156 per month and maintenance in the amount of $150 per month.

■■ We disagree with Mr. Lloyd's assertion that a division of marital property such as the one made here "cannot be 'just' under any definition or considering any elements." The statute requires the court to divide marital property in just proportions considering all relevant factors. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).) Cases decided under the Marriage and Dissolution of Marriage Act have settled the proposition that an equitable division of marital property is not necessarily an equal one. (*In re Marriage of Combs* (1979), 78 Ill. App. 3d 533, 397 N.E.2d 255; *In re Marriage of Dietz* (1979), 76 Ill. App. 3d 1029, 395 N.E.2d 762; *Schubert v. Schubert* (1978), 66 Ill. App. 3d 29, 383 N.E.2d 266.) The court can properly award one spouse a greater share of the marital property if it decides that the relative contribution of that spouse and other relevant factors warrant such a result. (*In re Marriage of Gustke* (1979), 78 Ill. App. 3d 274, 397 N.E.2d 146.) This court recently upheld a judgment of dissolution awarding *all* the marital property to one spouse, where the

totality of the evidence supported such a result. *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065.

■■ The apportionment of property made by the trial court in the instant case was clearly not against the manifest weight of the evidence nor an abuse of judicial discretion. The court had before it evidence tending to show that by far the larger part of the parties' assets represented Karen Lloyd's settlement for her serious personal injuries; that it was desirable to award the family home to Mrs. Lloyd because she had custody of the minor child; that her health was not good, she was unemployed, had relatively limited vocational skills, and was unemployable in the foreseeable future; that her needs would be greater than those of her ex-husband; and that she would have little opportunity for future acquisition of capital assets and income. Each of these factors was properly considered by the court in making its decision. Ill. Rev. Stat. 1977, ch. 40, par. 503(c).

■■ Nor, we think, did the trial court err in awarding maintenance to Mrs. Lloyd. There was ample evidence to support the court's findings that she lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and was unable to support herself through appropriate employment. (See Ill. Rev. Stat. 1977, ch. 40, par. 504.) Mr. Lloyd argues that because of the great disparity in the value of the property apportioned the parties, the court should not have found that his ex-wife lacked sufficient property to provide for her reasonable needs. However, except for the marital residence and its contents and an automobile, the property apportioned to Mrs. Lloyd readily convertible into cash was the certificate of deposit, approximately half of which she was required to use to pay the indebtedness of the parties. She was not required to consume her share of the marital property before being entitled to maintenance. (See *Reininger v. Reininger* (1978), 67 Ill. App. 3d 21, 23-24, 384 N.E.2d 546, 548.) The amount of an award of maintenance lies within the sound discretion of the trial court, whose decision will not be set aside unless contrary to the manifest weight of the evidence. (*In re Marriage of Pickell* (1979), 76 Ill. App. 3d 855, 859, 395 N.E.2d 673, 675.) The maintenance award here was supported by the evidence.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.