*In re* MARRIAGE OF MARY SIMMONS, Petitioner-Appellant, and CHARLES SIMMONS, Respondent-Appellee.

Fifth District No. 80-444

Opinion filed November 10, 1981.

Eric Robertson, of Leuders, Robertson & Konzen, of Granite City, for appellant.

David H. Adamson, III, of Belleville, for appellee.

Mr. JUSTICE LONDRIGAN delivered the opinion of the court:

Petitioner, Mary Simmons, appeals the order distributing property following dissolution of her 29-year marriage to respondent, Charles Simmons.

Respondent was employed as postmaster of Venice, Illinois, for 18 years, and is currently employed as postmaster of Bronson, Texas. Respondent's contribution toward his Federal pension was $13,000 as of February 1979. His gross income for 1978 was approximately $21,000. Petitioner was never employed outside the home during the marriage. She currently has no income, no assets, and lives with and does the housekeeping for her sister.

In May 1974, both petitioner and respondent executed a $26,500 personal note and a $25,000 mortgage note on the marital home. When respondent left the marital home in June 1975, he conveyed his interest in the marital home to petitioner and gave her a bill of sale for the equipment in the parties' barbeque business. The barbeque business had debts of $1,800 at that time. Soon thereafter, petitioner sold the marital home for $35,000 and received $600 upon sale of the barbeque business equipment. Respondent made no contribution toward petitioner's support from

the time he left the marital home up to the time the marriage was dissolved in November 1979.

Petitioner had acquired nonmarital property by inheritance, and these assets were also sold by petitioner after respondent had left the marital home. The proceeds from the marital assets, as well as a portion of petitioner's nonmarital assets, were paid by petitioner to retire the marital debts. The marital debts were paid in full before dissolution.

The trial court found that the marital property was sold by petitioner with the proceeds used to pay toward the marital debts and petitioner's expenses. The nonmarital assets of petitioner were also liquidated and applied toward the marital debts. The trial court ordered respondent to pay maintenance of $60 per week to petitioner and that he pay petitioner's attorney's fees. It denied petitioner any interest in respondent's pension and denied petitioner's request that respondent be ordered to reimburse her for one-half the marital debts paid by her which exceeded the value of the marital assets.

Petitioner's first contention is that the trial court's refusal to order respondent to reimburse her for one-half the marital debts paid by her which exceeded the value of the marital assets is arbitrary and an abuse of discretion. We agree. It is clear that when respondent left in June 1975, the marital debts exceeded the value of the marital assets. Under the circumstances of this case, petitioner must be allowed reimbursement from respondent for debts paid by her on his behalf. The trial court's division of property in this case does not meet the requirements that property be divided in just proportions. Ill. Rev. Stat. 1979, ch. 40, par. 503(c).

Respondent argues in support of the trial court's distribution that because there was no marital property and no marital debts at the time of dissolution, there was simply nothing for the court to divide. He further asserts that the trial court did not abuse its discretion in refusing to order him to reimburse petitioner for paying the marital debts, and claims he is without funds to make payments to petitioner. But the inequity in the result reached below leads us to reject respondent's argument. The parties' debts exceeded their assets when respondent left the marital home in 1975. Under the trial court's order, the employed respondent escaped debt-free with full interest in his pension rights. The burden of 100% of the marital debts which exceeded the value of the marital assets was left upon petitioner, who is unemployed and has now depleted her nonmarital estate. Because the marital debts exceeded the value of the marital property when respondent left the marital home in 1975, we rule that the refusal to order respondent to reimburse petitioner for one-half of the marital debts which exceeded the value of the marital property results in substantial injustice to petitioner and constitutes an abuse of discretion.

*In re Marriage of Clearman* (1980), 85 Ill. App. 3d 584, 407 N.E.2d 189, *appeal after remand* (1981), 97 Ill. App. 3d 641, 423 N.E.2d 283.

The touchstone of proper apportionment of property upon dissolution of marriage is whether the directed distribution is equitable in nature. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.) This court is of the opinion that where the partners to a marriage accumulate debts exceeding the value of their assets, then that debt must be distributed equitably, the same as marital assets.

In recent opinions, our supreme court has held that the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) does not alter the presumption of gift that arises when individually owned property is transferred into the joint names of the parties. (*In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 422 N.E.2d 635; *In re Marriage of Emken* (1981), 86 Ill. 2d 164.) Respondent's counsel referred to these cases during oral argument, although a claim that petitioner made a gift of her nonmarital assets when she paid the marital debts has never been advanced. In any case, the evidence presented herein is sufficient to overcome any presumption of gift. Petitioner's nonmarital funds were not applied toward the purchase of a jointly owned house, as in *Rogers*. Nor were her nonmarital funds deposited into a joint bank account, as in *Emken*. Petitioner's nonmarital assets were used to pay a preexisting joint obligation of the parties. And, petitioner's nonmarital funds were paid toward the marital debts after the parties were living separate and apart. Any presumption that petitioner intended a gift of her nonmarital assets is rebutted by the evidence presented herein.

Petitioner also challenges the sufficiency of the $60 per week maintenance award. Although petitioner's testimony estimated her monthly expenses as only $189, she claims the trial court improperly considered the fact that she lives on the charity of her sister, rather than making an evaluation of her independent needs. But, as respondent counters, petitioner resides with her sister in exchange for her housekeeping services. The maintenance award by the trial court is sufficient to meet petitioner's financial needs as presented in her own testimony. Further, petitioner will have some assets of her own when she is reimbursed by respondent for paying all of the marital debts. The amount of the maintenance award lies within the sound discretion of the trial court (*In re Marriage of Pickell* (1979), 76 Ill. App. 3d 855, 395 N.E.2d 673), and we do not consider this award to constitute an abuse of discretion.

The marital debts paid by petitioner total $53,300. Sale of the marital assets brought $35,600. Petitioner has requested this court order respondent to reimburse her for one-half of the difference, or $8,850. The trial court's denial of petitioner's request for reimbursement is hereby re-

versed, and this cause is remanded with directions that respondent be ordered to reimburse petitioner in the amount of $8,850. The maintenance award is affirmed.

Affirmed in part, reversed in part, and remanded with directions.

GREEN and WEBBER, JJ., concur.