In re MARRIAGE OF JUDITH M. CHALTIN, Petitioner-Appellee, and ARTHUR A. CHALTIN, Respondent-Appellant.

Second District   No. 2—86—0336

Opinion filed March 24, 1987.—Rehearing denied April 27, 1987.

811

Ward P. Fisher and Karen G. Fisher, both of Chicago, for appellant.

Benedict Schwarz II, of Schwarz & Golden, Ltd., of West Dundee, for appellee.

JUSTICE NASH delivered the opinion of the court:

Arthur Chaltin (the husband) appeals from an order of the circuit court denying his post-decree motion to modify the judgment of dissolution of his marriage to Judith Chaltin (the wife) to conform it to an alleged oral property settlement agreement between them.

The parties were married in 1962 and separated in 1978. The wife filed a petition for dissolution of the marriage in 1983, and they appeared in trial court on April 18, 1985, when, after proof of grounds, the court stated that a judgment of dissolution would be entered. The court then proceeded directly to a contested hearing on the remaining property issues; a stipulation was entered as to the value of certain marital property, and the court heard partial testimony as to other property matters, then continued the trial for further hearings. A further hearing held on August 21 was recessed, during which the parties discussed settlement of their property disputes.

On October 21, 1985, prior to the resumption of the proceedings, the husband filed a motion in which he alleged that the parties had entered into settlement negotiations with counsel and the court at the end of the proceedings on August 21, and had reached an oral property settlement agreement; that the case had been continued by agreement in order to reduce the settlement to writing; and that the husband had signed the written agreement, a copy of which was at-

tached to his motion. The written property settlement agreement provided that the husband be awarded the former marital residence, his business property and beauty salon, and further provided that the husband pay the wife the sum of $20,000, of which $11,000 was to be paid within 60 days of the judgment, and $9,000 was to be paid in installments of $250 per month, without interest. The motion further alleged that the wife had refused to sign the written agreement and wished to resume the contested proceedings. The husband prayed for entry of a judgment of dissolution with allocation of their property in accordance with the terms of the alleged oral property settlement agreement.

In her response to the motion, the wife admitted that the parties had engaged in settlement negotiations, but she denied the existence of any oral agreement, and alleged "that any assertions made to the Court, as to any possible agreements, were made under duress because she felt that she was pressured by the Judge and abandoned by her attorney."

When the proceedings reconvened on November 1, 1985, the trial judge stated:

> "THE COURT: During the middle of the trial—and I believe Mr. Chaltin was on the stand and being subjected to cross examination—we had a recess. I talked to the parties without presence of counsel. I think I made that clear on the record also then. And it appeared that the matter had been settled based upon the statements of both Mr. and Mrs. Chaltin and their desire to get the matter over with. Apparently that agreement has now not been accepted by either one or both of the parties and it is Mrs. Chaltin's intent to conclude the hearing, is that correct?
>
> MR. CLARKE [wife's attorney]: That's correct, your Honor.
>
> THE COURT: Mr. Ward [Ward Fisher, husband's attorney], you had a motion for entry of judgment for dissolution of marriage based upon the evidence previously adduced and based upon the fact that Mrs. Chaltin did not appear at subsequent hearings, is that correct?
>
> MR. FISHER [husband's attorney]: Yes, that's correct, Judge.
>
> THE COURT: Okay. I've reviewed that motion. That motion will be denied. I will allow Mrs. Chaltin to complete the proofs in the case."

The testimony resumed and, at the conclusion of the trial, a judgment of dissolution of marriage was entered. The court awarded the

husband the former marital residence, his business property and beauty salon, and ordered the husband to pay the wife the sum of $32,000 for her interest in the marital property, of which $10,000 was to be paid within 30 days of the judgment and $22,000 was to be paid in installments of $555 per month, with interest at a rate of 9%.

On March 3, 1986, the husband filed a motion requesting the court modify the judgment of dissolution to conform to the terms of the alleged oral property settlement agreement, or, in the alternative, to hold a hearing to determine the validity of the agreement. The court denied the motion, and the husband has appealed.

The husband contends that the claimed oral property settlement agreement was binding on the court and it was error to enter judgment contrary to its terms. The wife argues that no oral property settlement agreement existed.

■■ ■ The law favors the amicable settlement of property rights in cases of marital dissolution. (*Guyton v. Guyton* (1959), 17 Ill. 2d 439, 444, 161 N.E.2d 832; *In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 585, 469 N.E.2d 381; *Reininger v. Reininger* (1978), 67 Ill. App. 3d 21, 23, 384 N.E.2d 546.) The rule that the terms of a separation agreement are binding upon the court (Ill. Rev. Stat. 1985, ch. 40, par. 502(b)) presumes there is a valid agreement, and it is the burden of the party asserting the agreement to establish its existence by clear and convincing evidence. (*In re Marriage of Parr* (1981), 103 Ill. App. 3d 199, 204, 430 N.E.2d 656.) The settlement of property rights cannot be concluded by the parties' oral consent when it is diligently challenged by one spouse before a decree has been entered. *In re Marriage of Perry* (1981), 96 Ill. App. 3d 370, 373, 421 N.E.2d 274; *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 462, 350 N.E.2d 103.

■ The terms of a property settlement agreement are subject to the ordinary rules for the construction of contracts. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 584, 469 N.E.2d 381; *Waggoner v. Waggoner* (1978), 66 Ill. App. 3d 901, 904, 383 N.E.2d 795, *aff'd* (1979), 78 Ill. 2d 50, 398 N.E.2d 5; *Halper v. Halper* (1978), 57 Ill. App. 3d 588, 591, 373 N.E.2d 598.) Where the reduction of an agreement to writing and its formal execution is intended by the parties as a condition precedent to its completion, there can be no contract until then, even if the actual terms have been agreed upon. (*Baltimore & Ohio Southwestern R.R. Co. v. People ex rel. Allen* (1902), 195 Ill. 423, 428, 63 N.E. 262; *Brunette v. Vulcan Materials Co.* (1970), 119 Ill. App. 2d 390, 395, 256 N.E.2d 44, *appeal denied* (1970), 43 Ill. 2d 397; *Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.*

(1986), 114 Ill. 2d 133.) In determining whether a party intended that a contract should be reduced to writing, a court can consider the following factors: whether the contract is one usually put into writing, whether there are few or many details, whether the amount involved is large or small, whether the agreement requires a formal writing for a full expression of covenants and promises, and whether negotiations themselves indicate that a written draft is contemplated as the final conclusion of negotiations. 114 Ill. 2d 133, 144.

In the present case, before a judgment of dissolution was entered, the husband alleged that the parties had reached an oral settlement agreement, the terms of which he alleged were set forth in a written agreement which bore only his signature. The wife denied the existence of any agreement, oral or written, and stated she wished to proceed with a contested trial. The trial court found that although it had appeared the parties had settled matters during a conference over which he presided, apparently a final agreement had not been reached, since the wife had not signed the written agreement.

Property settlement agreements are customarily put into writing. In the present case, the parties apparently contemplated that a written agreement would be drawn and executed, since the terms of any oral agreement were not immediately reduced to writing, nor set forth before the court. (See, *e.g., In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507; *In re Marriage of La Reno* (1983), 113 Ill. App. 3d 755, 447 N.E.2d 949.) The record also shows that the parties continued the hearing of the case in order to reduce the agreement to writing and execute it. These circumstances support the trial court's finding that there was no binding oral settlement agreement, and we conclude that the court properly entered judgment based upon the evidence adduced at the hearing in which the husband's motion was denied. Since we find that there was no valid settlement agreement between the parties, we need not address the husband's further argument that the court was required to hold a hearing to determine whether the agreement was unconscionable.

Accordingly, the order denying the husband's motion to modify the judgment of dissolution is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.