**Denise O. GOFF, Plaintiff-Respondent,**

v.

**J. William GOFF, Defendant-Appellant.**

**No. 38426.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 4, 1977.

James E. Wollrab, O'Fallon, for defendant-appellant.

Robert J. Koster, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Appellant J. William Goff appeals from the decree dissolving his marriage to respondent Denise O. Goff. In his appeal, appellant challenges neither the dissolution of the marriage itself, the portions of the

decree relating to the custody of the children, nor the grant of child support or the division of marital property. Appellant attacks only that portion of the decree awarding respondent $300.00 per month for maintenance for herself for a period of four years from the date of the order.[1]

Appellant and respondent were married for nine years prior to appellant's moving from the marital home in March, 1976. Two children were born of the marriage and appellant adopted respondent's child of a previous marriage. Respondent had four years of college where she was trained to be an actress.[2] Except for a six day stint as a sales clerk, respondent was not employed during the nine years of the marriage.

In its decree dissolving the marriage, the trial court awarded custody of the three minor children, ages six, seven and fifteen, to the respondent, and $350.00 per month in child support. In the division of marital property respondent was awarded the family home (worth between $80,000.00 and $85,000.00) and all the furniture contained therein, and respondent was to assume responsibility for all deeds of trust on the home (totaling $58,000.00). Respondent was also awarded the 1969 Cadillac owned by the family, the amounts in the parties' formerly joint bank account, which was less than $1,000.00, and attorney's fees in the amount of $1,800.00. Applying the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we affirm.

The awarding of maintenance payments, as well as the amounts and duration of those awards, are within the sound discretion of the trial court, whose decision will not be overturned except upon a finding of abuse of discretion. *Naeger v. Naeger*, 542 S.W.2d 344 (Mo.App.1976); *Larison v. Larison*, 524 S.W.2d 159 (Mo.App.1975). We find that the award of maintenance by the trial court, well supported by both the evidence and the law, did not constitute an abuse of the court's discretion.

■ Appellant first asserts that the trial court erred in making the award because respondent had already completed four years of college education and had offered no evidence to support any need or intention to seek further education and because respondent had demonstrated her ability to obtain appropriate employment. Section 452.335, states that the court may grant maintenance only if it finds that the party seeking it:

"(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

No mention is made in the statute of education requirements. A college education may be relevant to a determination of the party's capacity for appropriate employment, but by itself does not preclude an award of maintenance. Moreover, maintenance may very well be appropriate to give one time to gain advanced educational accreditation. *Nixon v. Nixon*, 525 S.W.2d 835 (Mo.App.1975).

■ Clearly, the evidence supports the finding that respondent meets both statutory requirements for receipt of maintenance. Respondent lacks sufficient "income-producing" property to provide for her reasonable needs, even when the marital property awarded to her is considered. *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo. App.1977); *Nixon v. Nixon, supra* at 838. Nor is she required to sell any of her assets, such as the family home, in an attempt to meet these needs. *In re Marriage of Powers*, 527 S.W.2d 949 (Mo.App.1975); *In re*

---

1. The court stated: " . . . Respondent is further Ordered to pay to Petitioner the sum of $300.00 per month as and for maintenance for herself for a period of four years from the date of this order, at which time said maintenance will terminate and during which period of time Petitioner can further her education and her ability to seek and obtain employment."

2. It is unclear from the evidence as to whether or not she had a degree.

*Marriage of Schulte,* 546 S.W.2d 41 (Mo. App.1977).

As for having demonstrated her ability to obtain appropriate employment, the evidence shows that respondent was not employed during the nine years of the marriage, and respondent testified as to her lack of secretarial skills. Her work experience was minimal and she had no history of any reliable or steady employment. She testified that she was only trained to be an actress and that there were few opportunities available in that field. She testified she could do other work if she "learned how to do it".

■ Furthermore, the respondent was granted custody of the three minor children, two of whom are under the age of ten. This is a circumstance that the court could properly consider.

■ Appellant further contends that the respondent had an existing average income of $275.00 per month and had presented evidence that she would need only $259.00 per month for support, thereby making an award of $300.00 per month excessive. We reject this contention. Respondent's income and expense statement indicated monthly expenses in the amount of $259.00 for herself and $470.00 for the children. She testified to expenses in addition to those stated in her expense account. The court awarded respondent the family home, which was encumbered by two deeds of trust. Combined monthly payments on the deeds of trust total $715.00, which amount the wife is required to pay. The division of property necessitated a recomputation of the expenses claimed by each spouse in their income and expense statements which were filed with the court before the trial commenced. *Brueggemann v. Brueggemann, supra.* Furthermore, the $275.00 per month average income quoted by appellant was computed for a four-month period and included $800.00 from a play, a job which respondent testified is not likely to recur on a regular basis. Even assuming an existing average income of $275.00 per month, respondent's projected expenses far exceed $575.00, which includes $300.00 per month maintenance and a $275.00 per month average income. Therefore, considering the expenses and income of the respondent, we find that there was no abuse of discretion by the trial court as to the amount of the award.

■ As to appellant's final claim that the court failed to properly consider appellant's ability to pay the $300.00 per month for maintenance, we must again rule against the appellant. Appellant testified that his income averaged $975.00 per month from January, 1976 to August, 1976, and that he cannot afford to pay the $650.00 per month in child support and maintenance. Failing to produce any documentary evidence of the $975.00 per month figure, appellant testified that he computed his income on the basis of bank deposits he had made. In contradiction, evidence was introduced as to the following financial statistics of appellant's history. His 1974 tax return reflected gross fees of $20,000.00; he made bank deposits totaling approximately $10,000.00 between December 15, 1975 and March 15, 1976; during the period from January, 1976 to August, 1976, appellant owned a 1976 Cadillac, which he sold in August, 1976, for $6,500.00 cash, purchased a 1973 Camaro for $2,769.00, leased a 1976 Oldsmobile in his company's name, and purchased a $7,000.00 Chevrolet van in his company's name. Since the evidence concerning the income of the appellant is conflicting, we defer to the trial court and its opportunity to evaluate the credibility of the witnesses. *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 503 (Mo.App.1977); *Conrad v. Bowers,* 533 S.W.2d 614, 619 (Mo.App.1975). Substantial evidence was presented to sustain the trial court's implicit finding that appellant could meet his own needs while paying the maintenance awarded to respondent under § 452.335. We find no abuse of discretion.

Having considered the various contentions of the appellant and having found them to be without merit, we affirm the decree of the trial court.

McMILLIAN, P. J., and STEWART, J., concur.