**In re the MARRIAGE OF Bordia C. WILLIAMS, Petitioner-Appellant,**

**and**

**. Sullivan Williams, Jr., Respondent.**

**No. 29785.**

Missouri Court of Appeals, Western District.

April 30, 1979.

John H. Foard, Jr., Foard & Foard, Kansas City, for petitioner-appellant.

John P. Ryan, Jr., Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

HIGGINS, Special Judge.

Appeal from decree in dissolution of marriage. In question are the division of marital property and denial of maintenance. Affirmed.

Bordia and Sullivan were married August 15, 1953, and lived together until August 9, 1976, at which time she was almost 60 years of age and he was some 10 years younger. They had no children. She attributed breakdown of the marriage to her husband's alcohol abuse and personal violence toward her, including beatings and statements that he did not love her and had married her for convenience. He admitted drinking in face of his wife's disapproval, but denied physical violence and abusive language toward her except in self-defense.

Sullivan had worked for General Motors for 25 years. His wages were $11,082 in 1974, $14,647 in 1975, and $15,800 in 1976. In 1962 he began a lawn service business to supplement income. It brought in around $100 per month for eight to ten years. It showed, for income tax purposes, a net loss of $19 in 1974 and a net profit of $759 for 1975. Bordia had served as homemaker and managed the couple's finances including her husband's earnings. She had been previously married and had never been employed except as an elevator operator when she was in school. In 1974–75 she helped her brother through a 16-month illness for which he paid her $1,500.

Until 1966 the couple lived in the lower portion of a duplex which Bordia purchased prior to this marriage with funds inherited from her first husband. She used rentals to pay the mortgage and sold the property in 1971, after which the couple bought a home at 2701 East Meyer Boulevard where they resided until their separation. Bordia placed a value on the home of $50,000 subject to a $19,000 mortgage. The couple also owned one and a half lots in Wentzville which were acquired from Sullivan's father and uncle for payment of 7-years' delinquent taxes amounting to three or four hundred dollars. Income tax returns for 1974 and 1975 showed the property earned $20 per year for sign rental. Taxes averaged $100 per year and mowing cost $25 per year. Bordia valued furnishings and appliances in their home at seven or eight thousand dollars. The couple also owned a 1974 Chrysler, a 1967 Dodge Dart, and a 1962 Dodge pickup. Their liquid assets included a $1,000 treasury note, seventeen $25 E bonds, and two insurance policies on Sullivan's life with cash surrender value of $3,400. Equipment of the lawn service

business consisted of a chain saw, three lawn mowers, and a sprayer, valued at $750.

Bordia listed and estimated her living expenses at $1,300 per month. Sullivan listed and estimated his living expenses at $801 per month. His actual expenses ran about $700 per month.

Bordia suffered a heart attack following a beating by Sullivan in 1962, and has been on medication and under the care of a physician since. She sustained a back injury in a rear-end automobile collision in 1973 for which she has a pending cause of action. She also suffers from poor equilibrium. She had gall bladder surgery in 1969. She feels she is not able to be employed. Her doctors' records were in evidence. Sullivan denied her inability to work. Sullivan had undergone "four operations, two leg strippings and one hernia and one hemorrhoid." He is on medication for a prostate condition.

In the decree of dissolution, the court found the marriage irretrievably broken; the presence of marital property for division; the cause for dissolution equally shared as such fault pertains to division of marital property; a disproportionate division of marital property in favor of petitioner; and both parties physically able to work and provide his own livelihood. In division of marital property, the court awarded Bordia the $50,000 residence, its furnishings and appliances, with direction to hold Sullivan harmless on the $19,000 encumbrance. She also received the 1974 Chrysler, and her pending cause of action. The property awarded her amounted to $41,000, not including some furs, imported dishes, and her personal injury action. Sullivan was awarded the Wentzville property at a value of $400, the lawn service business and its assets, the Dodge Dart and pickup truck, the $1,000 treasury note, the 17 E bonds worth $25 each at maturity, and the two insurance policies. The property awarded him amounted to approximately $7,000. Both parties received their personal effects as separate property divested of the other's interest. The court denied petitioner's request for maintenance and awarded her $500 for attorneys' fees.

Appellant accepts the court's decree except to contend (I) that the court "erroneously applied the law by disregarding the mandatory provisions of * * * Section 452.330 [RSMo], in that the Court did not consider the value of the Wentzville property before dividing the marital property"; and (II) that the denial of maintenance "was against the weight of the evidence" in that it was based on erroneous findings that she is able to support herself, that fault was equal, and that the Wentzville property was worth but $400.

Appellant argues (I) that the court failed to "inform himself" of the actual value of the Wentzville property, and that such action contravenes the provision in Section 452.330 RSMo to consider the value of property set apart to each spouse in arriving at a division of marital property.

Section 452.330.1(2) RSMo provides "the value of the property set apart to each spouse" is one of four enumerated relevant factors in a division of marital property. The Wentzville property is concededly marital property; hence Section 452.330.1(2) does not require the trial court to consider its value in effecting a division of property. This does not mean that the value of marital property is irrelevant to its division; it means only that the court's judgment concerning value of marital property in this case is not erroneous under Section 452.330.-1(2), supra.

It may not be said on this record[1] that there was no evidence to support the value placed on the Wentzville property. There was evidence to show cost of acquisition, $300 to $400; and sign rental income of $25, and mowing expense of $100 in each of two years, all of which indicated also that the land was vacant. Petitioner adduced this evidence and, if she was not satisfied with what it showed as the value of such property, she should have gone forward with her burden of proof.

1. Cf. *V.M. v. L.M.*, 526 S.W.2d 947 (Mo.App. 1975); *Turpin v. Turpin*, 570 S.W.2d 831 (Mo. App.1978); *Abney v. Abney*, 575 S.W.2d 842 (Mo.App.1978).

Appellant argues (II) that because of her age and unemployability and her husband's wages, the court should have awarded maintenance to her.

Under Section 452.335 RSMo, maintenance is to be allowed a childless wife only when she lacks sufficient property, including the marital property apportioned to her, to provide for her reasonable needs, and she is unable to support herself through appropriate employment. The evidence here does not demonstrate an abuse of the court's discretion or compel an allowance for maintenance. *Beckman v. Beckman*, 545 S.W.2d 300 (Mo.App.1976); *In re Marriage of Neubern*, 535 S.W.2d 499 (Mo.App.1976). See also Commissioners' Note, § 308, 9 Uniform Laws Annotated 494 (1973); and compare *In re Marriage of Carmack*, 550 S.W.2d 815 (Mo.App.1977), where spouse denied maintenance had custody of a 9-year-old child.

Appellant cites a number of cases, *Butcher v. Butcher*, 544 S.W.2d 249 (Mo.App. 1977), *In re Marriage of Powers*, 527 S.W.2d 949 (Mo.App.1975), *Goff v. Goff*, 557 S.W.2d 55 (Mo.App.1977), *In re Marriage of Schulte*, 546 S.W.2d 41 (Mo.App.1977), *Nixon v. Nixon*, 525 S.W.2d 835 (Mo.App.1975), *In re Marriage of Dodd*, 532 S.W.2d 885 (Mo.App.1976), *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501 (Mo.App.1977), all of which are distinguishable in that they affirmed exercises of discretion in awards of maintenance.

Judgment affirmed.

All concur.