In re the Marriage of Frances Marie
MARKS, Plaintiff-Appellant,

v.

Malcolm Avis MARKS,
Defendant-Respondent.

No. 12354.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 3, 1981.

Philip R. Pruett, Charleston, for plaintiff-appellant.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for defendant-respondent.

HOGAN, Judge.

This is a dissolution of marriage case which has been before the courts intermittently since 1978. A previous submission of the appeal was set aside; the cause was remanded for clarification of the decree and amendment of plaintiff's brief. *Marks v. Marks*, 618 S.W.2d 249 (Mo.App.1981). A new decree has been entered. The appeal, as resubmitted, is focused on the distribution of marital and non-marital property pursuant to § 452.330, RSMo 1978. Three diffusely briefed assignments of error have been presented. They are, in substance:

1. That the division of marital and non-marital assets is so grossly disproportionate as to amount to an abuse of discretion. Admitting that the values assigned to the various items of marital property are within the range of values shown by the evidence, plaintiff argues that the value of the assets assigned to her was $83,000, the value of the assets awarded to the defendant was $133,500, and this disparity is so great as to constitute an abuse of discretion;

2. The trial court failed to consider defendant's misconduct in dividing the marital property, as required by § 452.330.1(4). The thrust of this point is that the court failed to give proper weight to the evidence which indicated the defendant acquired a paramour and that this conduct was the cause of the parties' broken marriage;

3. The trial court erroneously found the gain or profits from defendant's 1978–1979 farming operations to be non-marital property.

We have read the record twice. The issues involve no more than the application of a well-settled rule to a recurring question, i.e., whether the distribution of property in a dissolution case is so grossly disproportionate as to amount to an abuse of discretion. We review only to determine whether there has been an abuse of discretion or a prejudicially erroneous application of the law. *In re Marriage of Schulte*, 546 S.W.2d 41, 46–47[3, 4] and nn. 5, 6 and 7 (Mo.App.1977). Full discussion of the facts is therefore dispensed with; the appeal is herewith disposed of pursuant to Rule 84.-16(b). We rule plaintiff's points as follows:

1. This point as briefed overlooks the fact that the trial court awarded plaintiff $10,000 in lieu of further allocation of marital property in kind, and defendant's share was subject to a fixed liability of $18,000. If the cash allowance and the fixed liability are taken into account, plaintiff's share of the marital assets is $93,800; the defendant's share is $115,000. This disparity is not of itself so great as to indicate an abuse of discretion.

2. Defendant did admit "living with" a 26-year-old woman who resided at Lilbourn. Upon trial he denied having seen his paramour recently; it was his evidence he had tried to reconcile his differences with plaintiff but she had refused to cooperate. The parties' marriage was a marriage of long duration. There is no evidence that defendant was habitually promiscuous or that he was guilty of mistreatment or physical abuse of his spouse. Defendant was guilty of misconduct, but it was not such as to forfeit his right to an equitable share of the marital property. See: *In re Marriage of Schulte, supra*, 546 S.W.2d at 48; *In re Marriage of Neubern*, 535 S.W.2d 499, 502 (Mo.App.1976); *In re Marriage of Powers*, 527 S.W.2d 949, 956–957[13, 14] (Mo.App. 1975).

3. Plaintiff here relies on the presumption created by § 452.330.3 and upon *Doyle v. Doyle*, 577 S.W.2d 64 (Mo.App.1979). The citation is inapposite; plaintiff voluntarily left the parties' farm in May 1978 and did not thereafter participate in any way in defendant's farming operations. In 1978–1979, defendant farmed about 300 acres as a sharecropper under informal arrangements to which plaintiff was not a party. He also farmed 80 acres owned by the parties and used marital farm machinery in his farming operations. No accurate records were kept. The "marital" and "non-marital" parts of defendant's farm income were inextricably commingled. "In apportioning

income, as between community property and separate property, where such income is derived from profits accruing from a husband's separate property [and] the husband has devoted more than minimal time and effort to the handling of his separate property, the court ... may select [a] formula [which] will achieve substantial justice between the parties." 15A Am.Jur.2d Community Property § 40, p. 666 (1976). Upon the record presented we cannot say the trial court did not fairly balance the respective contributions of the spouses and accommodate considerations of fairness to both.

4. We agree with plaintiff that awards of cash in lieu of marital property should not be made as awards of "maintenance" where, as here, the evidence demonstrates no need for maintenance. *Spicer v. Spicer*, 585 S.W.2d 126, 129[3] (Mo.App.1979). Inasmuch as no further factual adjudication is necessary, this court may give such judgment as ought to be given pursuant to Rule 84.14. Accordingly:

(a) Paragraph 5 of the decree is amended to read: "That Malcolm Marks shall pay Frances Marie Marks the sum of $5,000 in lieu of a share of such part of the 1978–1979 farm income as may be marital property. This amount is awarded *in addition* to the sum awarded in Paragraph 7." and;

(b) Paragraph 7 is amended to read: "Malcolm Marks is ordered to pay Frances Marie Marks the sum of $10,000 in lieu of a further share of marital property in kind." and;

(c) The Circuit Clerk and ex-officio Recorder of Mississippi County is ordered to amend the recorded decree as indicated in subparagraphs (a) and (b) herein.

Otherwise, the judgment is affirmed pursuant to Rule 84.16(b).

PREWITT, P. J., and TITUS, J., concur.