**In re the MARRIAGE OF Frank GARDNER, Petitioner-Appellant,**

**and**

**Eloise Gardner, Respondent-Respondent.**

**No. 12060.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1982.

Motion for Rehearing and for Transfer Denied July 13, 1982.

William J. Lasley, Flanigan & McCanse, Carthage, for petitioner-appellant.

Jack Fleischaker, Roberts & Fleischaker, Joplin, for respondent-respondent.

PER CURIAM.

This is an action for dissolution of marriage. Petitioner, to whom we shall refer as the plaintiff, is about 52 years of age. Respondent, to whom we shall refer as the defendant, is 48 years old. Both parties have children; the children are grown and are not substantially affected by this action. The marriage was a fourth marriage for each party. Plaintiff has appealed. The appeal is focussed upon the division of separate and marital property required by § 452.330, RSMo 1978, as amended Laws of Missouri 1981, p. 615.

Plaintiff contends the trial court erred in awarding defendant maintenance in the amount of $400 per month, abused its discretion in dividing the marital property and failed to make findings necessary to dispose of the case. The appeal involves only the

application of established principles to a recurring fact situation and plaintiff's principal contentions may be summarily addressed.

■ 1. The argument that the marital property was disproportionately allocated raises only the question whether there has been an abuse of discretion or a prejudicially erroneous application of the law. *Marks v. Marks*, 625 S.W.2d 700, 701[1] (Mo.App. 1981); *In re Marriage of Schulte*, 546 S.W.2d 41, 46–47[3, 4] and nn.5, 6 and 7 (Mo.App.1977). The trial court awarded defendant personal property which it valued at $2,500, a house and lot valued at $14,000 and an automobile of the value of $800. The plaintiff was awarded furniture, furnishings and the tools of his highly specialized trade of the value of $8,000. There is disproportion, but it must be borne in mind that defendant testified she had acquired debts in the amount of $5,940. She was attempting to discharge those debts. We cannot say the division of marital property was so wholly disproportionate as to amount to an abuse of discretion and nothing indicates the trial court erroneously applied the law.

■ 2. We agree that an award of maintenance should be made only if the available marital and non-marital property is insufficient to maintain the spouse seeking maintenance and the spouse seeking maintenance is unable to secure employment appropriate to his (or her) skills. *Spicer v. Spicer*, 585 S.W.2d 126, 129[3] (Mo. App.1979). Here, both parties were in relatively poor health. Defendant testified she was unable to do the work for which she had been trained, but could and intended to acquire a related marketable skill at a local college within 2 to 4 years. Rehabilitative maintenance may be awarded to permit one spouse to acquire a marketable skill. *Goff v. Goff*, 557 S.W.2d 55, 56–57 (Mo.App. 1977). If, in a reasonable time, defendant makes no effort to acquire a marketable skill, the trial court's inquiry may be invoked.

■ 3. The argument that the trial court's findings are inadequate because no value was assigned to all items of separate property is without merit. The items of separate property are not of sufficient order to require a detailed finding. Section 452.330 does require a judgment which identifies the parties' separate and marital property, but the basic requirement is that the findings be sufficient to permit the distribution of all marital property in a single proceeding. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406–407[1][2] (Mo. banc 1980). Otherwise, infinitely detailed findings are not required. *Marks v. Marks*, 618 S.W.2d 249, 250–251 (Mo.App.1981). We have examined the schedules offered and the findings made. The findings are sufficient.

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.