In re the MARRIAGE OF Sheryl A. SOWERS, Petitioner-Appellant,

and

Stephen E. Sowers, Respondent.

No. 14647.

Missouri Court of Appeals, Southern District, Division One.

June 29, 1987.

Sheryl A. Sowers, pro se.

Dan L. Birdsong, Thomas, Birdsong, Clayton & Haslag, P.C., Rolla, for respondent.

## PER CURIAM

In 1985, Sheryl Ann Sowers (now Melson) petitioned to dissolve her marriage to Stephen Edward Sowers. Sheryl requested custody of the five children of the parties, division of the marital property and debts, maintenance, child support and attorney fees.

After hearing evidence, the trial court dissolved the marriage, awarded Sheryl custody of the children, $300 a month per child or a total of $1,500 a month as child support, marital property of the value of $275,639, $27,000 as a cash award, and $2,500 as attorney fees, and ordered Stephen to maintain Sheryl and the children as insureds on his health insurance policy. Sheryl was ordered to pay marital debts she had incurred in the amount of $8,750. The trial court awarded Stephen $404,491 in marital property, and ordered him to pay debts of the parties totalling $60,670. Sheryl appealed.

 Sheryl, a college graduate who remarried shortly after her marriage to Stephen was dissolved, chose to proceed pro se on appeal. Her brief is deficient in that it does not contain (1) a concise statement of the grounds on which jurisdiction of the review court is invoked, Rule 84.-04(a),[1] (2) a fair and concise statement of the facts relevant to the questions presented for determination, Rule 84.04(c), and (3) any points relied on supported by relevant authority which state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and wherein and why they are erroneous, Rule 84.04(d).

The requirements of Rule 84.04 are mandatory. *Wissmann v. German Evan. St. Marcus Cong.*, 612 S.W.2d 138, 141 (Mo. App.1980). For the foregoing reasons, Sheryl's brief preserves nothing for appellate review. Plain error review, which is discretionary under Rule 84.13(c), is not justified because we find no manifest injustice or miscarriage of justice resulted which affected Sheryl's substantial rights.

It appears from her brief that Sheryl's major complaint regarding the trial court's decision is that its valuation of corporate stock of Sowers' Newspapers, Inc., some of which the trial court declared to be marital property, was too low. Competing expert witnesses testified as to the stock's value. The trial court evidently accepted the valuation Stephen's expert placed on the stock, and had a right to do so. *Miranda v. Miranda*, 596 S.W.2d 61, 64 (Mo.App.1980). See also *In re Marriage of K.B.*, 648 S.W.2d 201 (Mo.App.1983). She also alleges that the trial court's division of the marital property was "inequitable and unjust."

There was substantial evidence to support the trial court's valuation of the stock, and its division of the marital property. The net value of all marital assets was $610,710. Taking into consideration the award of marital property, the cash award and the debts, Sheryl received $293,389 and Stephen $316,821. The division of marital property does not indicate an abuse of discretion. See *Marks v. Marks*, 625 S.W.2d 700 (Mo.App.1981), for a comparable case.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Based on our review of the record as a whole, we find that the trial court's judgment was supported by substantial evidence, was not against the weight of the evidence, and was not based on any erroneous declaration or application of law. This being so, the trial court's judgment should be, and is, affirmed.

All concur.