Romona BLACK, et al.,
Plaintiffs–Appellants,

v.

COWAN CONSTRUCTION COMPANY,
Defendant–Respondent.

No. 15099.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1987.

Wilson Gray, St. Louis, for plaintiffs-appellants.

Kenneth L. Dement, Jr., Drumm, Winchester & Dement, Sikeston, for defendant-respondent.

HOLSTEIN, Judge.

The plaintiffs are the trustees of the Beebe Memorial C.M.E. Church and the Christian Methodist Episcopal Church, Inc. Hereafter, they will be collectively referred to as "the Church." They filed their action for trespass against defendants Cowan Construction Company (Cowan), City of New Madrid, and Donald G. Lloyd. The case was dismissed as to the City of New Madrid and Lloyd.

At trial, the evidence indicated that Cowan had been constructing a pump station in front of the Church's property under a contract with the City of New Madrid. Cowan's employees had parked machinery on the property without permission. The machinery had been parked so that access to and from the parking lot and building of the Church was difficult, if not impossible. Weekly collections dropped by one-half. Cowan's employees testified that they were under the impression the City of New Madrid had obtained all the necessary easements for the construction of the pump station. Cowan's defense was that it lacked intent to trespass on the Church's land.

The case was submitted to the jury. While deliberating, the jury asked the court if they could comment on the case before a verdict was given. The court denied the request. The jury then returned a verdict in favor of the defendant.

After being excused, jurors were permitted to comment on the case to the court and both counsel. Two jurors commented that they felt the Church had sued the wrong party. They suggested the Church should have sued the City of New Madrid. Judgment was entered on the verdict.

■ On appeal, the Church raises four points. Points One and Three, read together, claim the jury failed to follow instructions because the jury had a bias against the Church. The second point complains

that the verdict-directing instruction on the Church's claim was erroneous. The fourth point only asserts that the evidence of damages is undisputed, without reference to any error of the court or rule of law which has been violated. The thrust of most of the "Points Relied On" and "Argument" portion of the Church's brief is directed to the question of whether the jury's verdict was against the weight of the evidence. It is the exclusive province of the trial court to determine if a verdict is against the weight of the evidence, and this court does not weigh evidence. *Wright v. Martin,* 674 S.W.2d 238, 242 (Mo.App.1984). We need not discuss further those arguments relating to the weight of the evidence.

■ Cowan has moved to dismiss the appeal because of violations of Rule 84.-04(d)[1], which provides:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

The requirements of Rule 84.04(d) are mandatory. *In re Marriage of Sowers,* 733 S.W.2d 19, 20 (Mo.App.1987). There are three components of a point relied on: (1) a concise statement of the challenged ruling of the trial court; (2) the rule of law which the court should have applied; and (3) the evidentiary basis upon which the asserted rule is applicable. *Thummel v. King,* 570 S.W.2d 679, 685–686 (Mo. banc 1978). If the point of error is one for which precedent is appropriate and available, then it is the obligation of appellant to cite his authority if he expects to prevail on appeal. *Cox v. Crider,* 721 S.W.2d 220, 225 (Mo. App.1986). An absence of citation of relevant authority for points relied on ordinarily justifies the appellate court to consider the point as being abandoned. *Cox,* supra.

■ Plaintiffs' points were drafted with blatant disregard of the requirements of Rule 84.04(d). Such gross violations of Rule 84.04(d) would ordinarily justify us treating the points relied on as abandoned

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

or sustaining a motion to dismiss the appeal. However, no previous notice of the violations has been given, accompanied by an opportunity to correct the errors. In the absence of previous notice of the violations, accompanied by the opportunity to correct the errors, we reluctantly overrule the motion to dismiss the appeal. Rule 84.08(a); *Sours v. State,* 692 S.W.2d 2, 3 (Mo.App.1985).

In Points One and Three of the brief, the Church is apparently attempting to impeach the verdict of the jury based on comments of two jurors made after the verdict was returned. The long established rule in Missouri is that testimony of a juror is inadmissible and is not to be received in evidence for the purpose of impeaching the verdict of a jury. *Maxam v. Dillon,* 674 S.W.2d 258, 260 (Mo.App.1984); *Jones v. Wahlic,* 667 S.W.2d 729, 731 (Mo.App. 1984). No juror is competent to impeach a verdict by testifying as to matters inherent in a verdict such as whether a juror or jurors did not understand the law as contained in a court's instruction. *Baumle v. Smith,* 420 S.W.2d 341, 348 (Mo.1967). Points One and Three have no merit.

Point Two asserts the trial court erred in submitting Instruction No. 5, a not-in-MAI verdict-directing instruction on the Church's trespass claim. Rule 70.03 states:

Counsel need not object to any instructions to be given at the request of any other party or by the court on its own motion ... Specific objections to instructions shall be required in motions for new trial unless made at trial.

Any specific objections to an instruction which are not made at trial before submission to the jury must be set forth in the motion for new trial to preserve the question for appellate review. Rule 78.07. Instructions are to be given according to the law and evidence in the case. Rule 70.-02(a). Allegations of error must be sufficiently definite to direct the court's attention to the particular acts or rulings asserted to be erroneous. *Hartley v. Matejka,* 585 S.W.2d 240, 242 (Mo.App.1979).

No objection to any instruction was made at trial. The Church's motion for new trial stated:

Plaintiffs now move the court to grant them a new trial.

. . . .

Because the court erred in giving Instruction No. 5 to the jury.

Thereafter, in what appears to be an argument portion of the motion for new trial, the following appears:

We believe this (loss of the church property) required an instruction of a different nature and one that covered all aspects of the plaintiffs' damages ...

There is nothing else in the motion specifying in what manner the instruction was erroneous. The Church's motion for new trial does not set forth any misstatement of law contained in Instruction No. 5. The motion makes no claim that Instruction No. 5 was not supported by the evidence.

Ordinarily, it is the duty of an attorney for a party to aid the court in giving proper instructions which support that party's claim. *Douglas v. Whitledge,* 302 S.W.2d 294, 301 (Mo.App.1957). When counsel fails to render such aid, the trial judge should refuse to submit the case to the jury. *Dorman v. East St. Louis Ry. Co.,* 335 Mo. 1082, 75 S.W.2d 854, 859 (banc. 1934). The record does not reflect who prepared Instruction No. 5. The Church makes no claim to association with the instruction. Cowan's brief suggests the attorney for the Church offered no instruction and the one in question was given on the court's own motion.

The error, if any, in giving Instruction No. 5 was not brought to the attention of the trial court. In addition, counsel for plaintiff apparently failed to render the required assistance in preparing a correct instruction in support of his claim. The propriety of plaintiffs' verdict-directing instruction has not been preserved for consideration on appeal.

The Church's fourth point claims that the evidence of damages was undisputed. Presumably, although the brief does not say so, the trial court erred

in failing to direct a verdict on the issue of damages. The point is without merit for two reasons. First, no motion was made for a directed verdict on the issue of damages prior to submission of the case to the jury or in the motion for new trial, thus failing to preserve the question for appellate review. Rule 78.07. Second, even if the point had been preserved, the matter complained of bears only on the issue of damages, and, in view of the defendant's verdict, the jury never reached that issue. The rule is well established that when the jury's verdict demonstrates that it never reached the issue which is claimed to be the source of prejudice, then no prejudice has been demonstrated. *Beesley v. Howe*, 478 S.W.2d 649, 653 (Mo.1972); *Linkogel v. Baker Protective Services, Inc.*, 659 S.W.2d 300, 305 (Mo.App.1983).

The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.