James Richard **LOHSANDT**, Appellant,

v.

Stephen Dennis **BURKE**, Respondent.

No. WD 40968.

Missouri Court of Appeals,
Western District.

May 2, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Robert J. Graeff, Lee's Summit, for appellant.

Edward W. Mullen, Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, James Richard Lohsandt, appeals from a jury verdict in favor of respondent, Stephen Dennis Burke. Appellant's action arose out of an accident be-

tween appellant's motorcycle and respondent's automobile.

A recitation of the facts is not necessary in that appellant's sole point on appeal is that the trial court erred in denying his motion for new trial because a juror who signed the verdict, Martha Valverde, concealed material information about her qualifications to serve as a juror in the cause. Appellant argues that Mrs. Valverde concealed information, during voir dire, about her religious beliefs and about injuries sustained by her mother-in-law, which information, if revealed, would have disqualified Mrs. Valverde as a juror.

Respondent's argument, that the issue of the alleged misconduct of juror Valverde was not properly raised and preserved in appellant's Motion for New Trial, is dispositive herein.

Appellant bases this appeal on Paragraph 6 of his Motion for New Trial which reads as follows:

> 6. That members of the jury failed to answer inquiries on voir dire to the prejudice of plaintiff.

Rule 78.07 provides that "[a]llegations of error based on matters occurring or becoming known after final submission to court or jury shall be specifically set out [in the motion for new trial]." General allegations of error, not based upon specific objection or requests made during trial, are insufficient to preserve the allegation for review; nor may deficiencies in a motion for new trial be supplied from the movant's brief on appeal. *Williams by Wilford v. Barnes Hospital*, 736 S.W.2d 33, 36 (Mo. banc 1987). The allegations in a motion for new trial must be sufficiently definite to direct the court's attention to the particular acts or rulings asserted to be erroneous. *Black v. Cowan Construction Company*, 738 S.W.2d 617 (Mo.App.1987).

In *Williams by Wilford*, the appellant, Barnes Hospital, alleged that they were denied their "constitutional rights to an impartial panel of twelve jurors because one or more of the jurors failed to truthfully respond to questions asked during voir dire concerning prior claims, litigation and involvement with Barnes Hospital." The

Missouri Supreme Court held that this allegation was sufficiently stated to preserve the matter of juror misconduct for review. However, in the case at bar, unlike in *Williams by Wilford*, the subject matter of the questions on voir dire, that members of the jury were alleged to have failed to answer, were not set out in appellant's motion for new trial.

Appellant's allegation of juror misconduct raised by paragraph 6 of his motion for new trial is a general allegation that is not sufficiently definite to direct the court's attention to the particular acts asserted to be erroneous. Appellant's argument that juror Valverde concealed information about her religious beliefs and about injuries sustained by her mother-in-law, that if revealed would have disqualified her as a juror, was not preserved in his Motion for New Trial.

The judgment of the trial court is affirmed.

All concur.